No. 22931.

Bear Valley Drive-In Theater Corporation *v.* The Board of County Commissioners of the County of Jefferson and Charles T. Haley, Mabel H. Armstrong, Junglewood, Inc., Francis R. Newton, William L. Hillyard, Jr., Whitney Newton II, Ben Haley, Helen B. Haley, Patricia H. Argall, Mary Hillyard, Colorado Academy and Loretto Literary and Benevolent Institution of Kentucky.
(476 P.2d 48)

Decided October 26, 1970.

F. RICHARD HITE, EDWARD MILLER, for plaintiff in error.

JOSEPH E. MAKER, LEONARD R. LISS, for defendant in error.

BRADLEY, CAMPBELL, CARNEY & JOHNSON, THOMAS J. CARNEY, for intervenors.

En Banc.

MR. JUSTICE GROVES delivered the opinion of the Court.

THE question involved on this writ of error is whether the district court should be directed to order county commissioners to change the zoning of an 18-acre tract to permit the construction and operation of a drive-in theater. The parties appear here in the same order as in the trial court and will be referred to as Bear Valley and the Board, respectively. At the Board's last hearing it declined to change the zoning as sought by Bear Valley. After review the district court sustained the Board's action. We affirm.

Mrs. Frances Welborn and Mr. Raymond W. Near were vendor and vendee, respectively, under a contract for the sale and purchase of land made in February, 1965. Mr. Near was acquiring 25.5 acres of this property with

the object of obtaining a change of zoning which would permit the construction and operation of a drive-in theater. At that time an application was filed before the Board to rezone the 25.5 acre tract from a residential to a commercial classification.

At the hearing on the application, objectors appeared. On March 8, 1965, by a 2 to 1 vote, the Board granted the requested change of zoning. Counsel for the objectors obtained from the Board a 30-day stay of the effective date of the zoning in order that judicial review of the proceedings might be had. On April 2, 1965, the objectors commenced an action against the Board and Mrs. Welborn to review the proceedings. Service of summons and a copy of the complaint was made upon Mrs. Welborn on April 6, 1965.

Also on April 6th the court stayed all further proceedings by the Board and also stayed the effectiveness of the zoning change. Apparently, prior to April 9, 1965, Mrs. Welborn had conveyed the land to Mr. Near. By deed dated April 9, 1965 and recorded in the office of the county recorder on April 13, 1965, Mr. Near conveyed to Bear Valley the 18-acre tract involved here. Bear Valley's purchase price was $185,000. Shortly after commencement of the district court action Mr. Near and Bear Valley intervened, appearing by the same attorney who represented Mrs. Welborn at the hearing before the Board.

The trial court held that the action of the Board was null and void because proper notice had not been given of its hearing.

No review of the district court's action was sought. Rather, Bear Valley filed a rezoning application with the Board for the 18-acre tract. The matter was treated as a completely new proceeding and, pursuant to notice, a hearing was held by the Board on December 6, 1965. At the hearing considerable evidence was introduced. Later the members of the Board voted 2 to 1 to deny the application.

At the first hearing, at which the Board concluded

to change the zoning, it found that such a change from residential to commercial was in conformity with a comprehensive master development plan then in effect and that the property was unsuitable for residential development. In connection with the review of this first action of the Board, the court found that the rezoning did not constitute spot zoning and that it was in conformity with the master plan. At the conclusion of the second hearing the Board found that the rezoning then requested was not in conformity with the master plan; that the change would constitute spot zoning; and that the residential character of the neighborhood should not be changed.

Bear Valley has presented the following five arguments: (1) Under the doctrine of equitable estoppel the Board was obliged to change the zoning. (2) Under the doctrine of collateral estoppel the Board was bound by the findings of the district court in the first proceeding that the rezoning was not spot zoning and was in conformity with the master plan. (3) The board member who voted for rezoning at the first hearing and against it at the second hearing reached his conclusion following the second hearing upon evidence outside the record. (4) There was no change of circumstances between the first and second hearings which would justify a different result. (5) The action of the Board at the second hearing constitutes an unconstitutional deprivation of Bear Valley's property.

At the commencement of the second Board hearing counsel for Bear Valley in essence stated: that, because of the decision of the court in the first case, evidence would have to be presented to the Board again; that the first zoning case could not be considered since it had been ruled by the court that the hearing was void and the situation would be the same as if the Board had not held a former hearing; and that it was necessary that an entirely new record be made. At the second hearing before the district court — and here — counsel has followed an entirely different line by urging consideration

of matters which transpired at the first Board hearing. We agree with counsel's first position and with the finding by the district court in the second proceeding that matters transpiring at the first Board hearing are entirely immaterial. Our conclusion in large part answers most of the arguments of Bear Valley.

## I.
## EQUITABLE ESTOPPEL

The equitable estoppel argument is that in purchasing the property Bear Valley relied to its detriment upon the first decision of the Board, with the result that the Board should be estopped to change this decision. Bear Valley cites a number of cases in support of this proposition. The cited cases, however, are distinguishable. In practically all of them a building permit had been issued, construction had started or reliance otherwise had been placed upon the building permit, and thereafter the permit was rescinded. The factual situation in these cases is different from that involved here. The first action — that of *rezoning* — was declared to be void, with no review sought of this decision. At the time Bear Valley purchased the property a stay order was in effect so that the court might review the first resolution.

Bear Valley has also cited *Bregar v. Britton,* 75 So. 2d 753 (Fla. 1954) which, as here, involved a change of zoning. The facts of *Bregar,* however, are distinguishable. There, by *valid* action, the Board of County Commissioners changed the zoning to permit a drive-in theater. Relying thereon, the land owner commenced construction and purchased equipment. Nearly three months later the County Commissioners rescinded their earlier action and again changed the zoning. They were held to be equitably estopped. This is certainly not authority applicable to the present situation. Here the zoning was never validly changed; and, under the facts here, Bear Valley cannot use reliance on the first resolution as a basis for estoppel.

The Board has cited *Holly, Inc. v. Commissioners,* 140

Colo. 95, 342 P.2d 1032 (1959), on another point. We think it is good authority on the subject of equitable estoppel of administrative agencies when performing legislative functions. In our own research we have found a series of cases the reasoning of which supports our holding here, including *FCC v. Pottsville Broadcasting Co.,* 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656 (1940); *St. Joseph Stockyards Co. v. United States,* 298 U.S. 38, 56 S.Ct. 720, 80 L.Ed. 1033 (1936); *McBride v. Smith,* 405 F.2d 1057 (1968); *Delta Airlines, Inc. v. CAB,* 280 F.2d 636, *cert. denied,* 364 U.S. 870, 81 S.Ct. 115, 5 L.Ed.2d 94 (1960); and *California Ass'n of Nursing Homes v. Williams,* 4 Cal. App. 3d 800, 84 Cal. Rptr. 590 (1970).

## II.
### COLLATERAL ESTOPPEL

■ The collateral estoppel argument is that in the first proceeding the district court found that the change of zoning was in conformity with the master plan and did not constitute spot zoning; that these findings were binding upon the Board; and that, since the Board's second action was predicated upon contrary findings, its second action cannot stand. This argument is not sound for at least two reasons. In the first place, the court's findings in the first proceeding concerning conformity to the master plan should not have been a part of the court's determination; they were pure dicta. The real determination of the court was that the Board's action was null and void by reason of improper notice of the hearing. In the second place, there was testimony at the second hearing that substantial changes had occurred between the times of the two hearings. These changes supported a different conclusion by the Board.

## III.
### THE COMMISSIONER'S CHANGE OF VOTE

■ Bear Valley contends that the change of vote by one commissioner was predicated upon matters which were not in the record of the second hearing. At the con-

clusion of the second hearing this commissioner read a statement into the record, and the statement became a part of the Board's formal resolution. In this statement the commissioner related that there had been a change in the position of the screen to be erected at the drive-in theater and a change in acreage from the 25.5 acre tract involved in the first hearing to the 18-acre area involved in the second. He stated that these substantial changes made it impossible for him to approve commercial zoning.

It is argued that by using these changes as a basis for his thinking, the commissioner considered matters presented at the first hearing. Whether or not the projected location of the screen was a proper ground for decision, the size of the tract for which rezoning was sought was material. This is not a matter of being influenced by the first hearing, but rather of making a comparison between the two development proposals based on the testimony at the second hearing.

## IV.
## NO CHANGE OF CIRCUMSTANCES

■ Bear Valley argues that all factors involved at the times of the two hearings were substantially the same. As discussed in the preceding proposition about change of vote, it is apparent that there were substantial changes. Moreover, under our ruling that the action at the first Board hearing was void and is not to be considered, the argument falls.

## V.
## TAKING PROPERTY WITHOUT DUE PROCESS

■■ In presenting the constitutional argument, Bear Valley has cited three cases: *United States v. Smith,* 154 Colo. 209, 389 P.2d 409 (1964); *Denver v. Denver Buick, Inc.,* 141 Colo. 121, 347 P.2d 919 (1960); and *Colby v. Board of Adjustment,* 81 Colo. 344, 255 P. 443 (1927). It gives chief emphasis to *Denver Buick.* These cases are not in point because they involve *changes* in zoning and the constitutional validity thereof as applied to certain properties. As pointed out earlier, there was no change

in zoning. The attempted change in zoning was void, and the result of the second hearing was not a change in zoning. The constitutional argument must be predicated upon the acquisition and use of property under one zoning regulation and the unconstitutional deprivation of that property by a change of zoning. Bear Valley's argument falls under the ruling we have made with respect to the matter of equitable estoppel.

Judgment affirmed.

Mr. Justice Hodges not participating.