495 P.2d 562 (1972)
Kenneth CHITWOOD et al., Plaintiffs-Appellants,
v.
COUNTY OF ADAMS, State of Colorado, et al., Defendants-Appellees, and
Margo Marti, Intervenor-Appellee.
No. 71-093.
Colorado Court of Appeals, Div. I.
March 28, 1972.
*563 Robert A. Lehman, Denver, for plaintiffs-appellants.
Berger, Roghstein & Gehler, Robert R. Gehler, Commerce City, for defendants-appellees.
Darrel J. Skelton, Wheatridge, for intervenor-appellee.
Not Selected for Official Publication.
ENOCH, Judge.
The Adams County Board of Adjustment (board) granted a special use permit to Margo Marti (owner) for the construction of two dog kennels. The district court upheld the action of the board and we affirm.
The owner had three dog kennels on her property prior to the passage of the Adams County Zoning Ordinance. On October 9, 1969, after the zoning of the property as A-1 (agricultural), the owner applied to the Adams County Planning Commission (commission) for a permitted use (which is defined by the ordinance as a permanent use) so that she could construct three more dog kennels. This application was incorrectly labeled in that the construction of dog kennels in an A-1 zone requires a special use permit which only allows a temporary use. Public notice was given and the commission held a public hearing. The commission advised the parties at the hearing that a permitted use for dog kennels could not be granted in an A-1 zone and recommended the issuance of a special use permit for a five-year period for two kennels, provided they were constructed nearer the existing kennels which location would move them further away from most of the objecting neighbors.
Pursuant to public notice on January 15, 1970, the owner's application came before the board, which denied owner's application for a permitted use. The owner subsequently requested a reconsideration which was granted and the board scheduled the rehearing for April 16, 1970. Notice was posted and also mailed to affected neighbors. The notice provided in part:
"A public rehearing has been set for Thursday, April 16, 1970, at 8:00 p. m. in the Adams County Service Building, 4201 E. 72nd Avenue, Commerce City, Colorado, on an application requesting approval of a Permitted Use for a dog kennel on the following described property. . . ."
At this rehearing the owner was present with several supporters and a petition signed by others in support of her application. The plaintiffs and other objectors appeared and vigorously opposed the application. The owner presented a request, in accord with the recommendation of the commission, for two kennels located closer to the existing kennels with such use to be for a limited period of five years. One of the owner's adjoining neighbors, who had objected to the application originally, testified in support of the application, and the county planning director appeared for the first time and testified that the subject area was planned to become industrial in the future. The board then granted a five-year special use permit for two kennels to be located as recommended by the commission. The board found that in granting such a permit it "would not be detrimental to the area as there are existing dog kennels in the area" and that it "would not be detrimental or in contravention to the master plan if area in fact does grow in conjunction with the master plan and becomes an industrial area."

*564 I.
Plaintiffs contend that the board exceeded its jurisdiction in holding hearings for a permitted use for dog kennels in that the law does not allow a permitted use for dog kennels in an A-1 zone. We find no merit in this argument. The board was created for the specific purpose of hearing and deciding requests for special exceptions within certain specified guidelines. Although the public notice referred to the application as a request for a permitted use, we do not find this fatal to the board's jurisdiction. The purpose of notice is to advise the public of the time and place of the hearing, the purpose of the hearing and the property involved. In Holly Development, Inc. v. Board of County Commissioners, 140 Colo. 95, 342 P.2d 1032, the Supreme Court relied upon a notice rule which is quite applicable:
". . . [W]hen a statute requires a notice to be given to the public, such a notice should fairly be given the meaning it would reflect upon the mind of the ordinary layman, and not as it would be construed by one familiar with the technicalities solely applicable to the laws and rules of the zoning commission."
The notice in question specifically advised the general public and neighbors that the request was for approval of a dog kennel and the record clearly shows that the neighbors, by their presence, were fully informed. There is nothing in the record which would indicate that any person was actually misled as to the purpose of the meeting. See Grant v. Commissioners, 164 Colo. 69, 432 P.2d 762. It is also a recognized rule that more restrictive zoning uses than applied and advertised for may be granted at the advertised hearing. Annot. 96 A.L.R. 2d 449 at 488. The notice was adequate and the board's action at the rehearing was valid.

II.
Plaintiffs assert that the board did not have the authority to hold a rehearing on a decision previously entered. Contrary to plaintiffs' position, there is nothing in the Adams County Zoning Regulations which prohibits a rehearing. Further, it is well settled in Colorado that a zoning board may hold a rehearing, and even reverse itself, if there has been a substantial change in the facts or circumstances subsequent to the first hearing. Bear Valley Drive-In Theater Corp. v. Board of County Commissioners, Colo., 476 P.2d 48. This authority for a rehearing, of course, is subject to the limitation that rights of third parties have not vested and due notice of the rehearing is given. Anderson v. Judd, 158 Colo. 46, 404 P.2d 553.
Plaintiffs argue in the alternative that if the board had authority to hold a rehearing that there was no evidence of a substantial change to justify a rehearing. We do not agree. As previously pointed out, the owner abandoned her original plan and requested approval with a five-year limitation of a new lay-out with two kennels in place of three and with the kennels relocated as recommended by the commission. There is also the evidence of her adjoining neighbor who withdrew his prior objections and spoke on her behalf plus the added evidence that the future of the area was more likely to be industrial.
All of these factors considered, there was a substantial change subsequent to the first hearing which justified a rehearing and reconsideration of the earlier decision.

III.
Plaintiffs further contend that the board abused its discretion and acted arbitrarily in granting the special use permit.
In order for a court to set aside a decision of an administrative body on the ground that it is arbitrary and capricious, the court must find that the decision is unsupported by any competent evidence. Board of County Commissioners of Jefferson County v. Simmons, Colo., 494 P.2d 85, announced February 28, 1972; Marker v. Colorado Springs, 138 Colo. 485, 336 P.2d 305. The record here shows that there were other dog kennels in the area in addition to the one in question. The area had partially developed without plan or design *565 prior to zoning and all of the nonconforming uses in the area, of which there were several, would be terminated within seven years after the passage of the zoning ordinance. The land uses to be terminated would include dog kennels and some of the uses being made of property by some of the objecting neighbors. The area is bordered by railroad tracks on two sides, is near an interstate highway, and apparently, is in the flight pattern of an air field. Though there are some homes in the area, the evidence does not indicate that an additional two kennels will materially change the character of the area. The local health authorities approved the owner's application and the commission recommended the issuance of the permit. There is ample evidence to support the board action. We find no abuse of discretion.
We have considered the other alleged errors and find them to be without merit.
Judgment affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.