## No. 28255

C. E. Spiker and Cleveland Heights Homeowners Association, a nonprofit Colorado corporation v. The City of Lakewood, a municipal corporation; B. L. Wilson, Carolyn Bacher, Sharon Carr, Don De Decker, Carl H. Neu, Gaylor Smith, Paul Thompson, Charles Whitlock, Lester Willson, and Robert Wright, as members of the City Council, City of Lakewood; Les Roebuck, as Chief Building Inspector of the City of Lakewood; and West Alameda Community Baptist Church, Inc., a corporation and Thomas Wilkin; Marjorie M. Wilkin; Elvin L. With; Roberta With; and Cleveland Heights Homeowners Association, a nonprofit Colorado corporation, v. The City of Lakewood, a municipal corporation; B. L. Wilson, Carolyn Bacher, Sharon Carr, Don De Decker, Carl H. Neu, Gaylor Smith, Paul Thompson, Charles Whitlock, Lester Willson, and Robert Wright, as members of the City Council, City of Lakewood; Les Roebuck, as Chief Building Inspector of the City of Lakewood; and West Alameda Community Baptist Church, Inc., a corporation

(603 P.2d 130)

Decided November 19, 1979.

Goldstein, Armour & Lonnquist, P.C., Alan A. Armour, for plaintiffs-appellees C. E. Spiker, Thomas Wilking, et al.

Gorsuch, Kirgis, Campbell, Walker and Grover, Robert E. Warren; Solomon and Zimmerman, David A. Solomon, for defendants-appellants City of Lakewood, Members of City Council and the Building Inspector.

Calkins, Kramer, Grimshaw & Harring, James S. Bailey, Jr., for defendant-appellant West Alameda Community Baptist Church, Inc.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellants seek reversal of a district court judgment which declared null and void proceedings of the City of Lakewood rezoning and permitting property of the West Alameda Community Baptist Church, Inc. to be used for federally financed low-income housing for the aged.

This is a sequel to the zoning controversy presented to this court in *Snyder v. Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975).

The district court ruled in a declaratory judgment proceeding and C.R.C.P. 106(4) review that the failure of the West Alameda Baptist Church (Church) to have the plat for its property filed with and approved by the Lakewood City Council within one year, as required by city ordinance, resulted in an automatic reversion to the prior zoning classification, thereby depriving the Church of the use for which it sought rezoning.[1] We reverse the district court.

In March of 1973, the Lakewood City Council, after appropriate notice and public hearings, adopted Ordinance 0-73-9 which rezoned property owned by the Church from R-1 (Restricted-Residential) to R-C (Restricted-Commercial). The ordinance provided in part:

"SECTION 2. This ordinance shall take effect upon approval of a subdivision plat of said property by the City Council, but not less than thirty (30) days after final publication of this ordinance."

The rezoning was challenged by local property owners in *Snyder v. Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975). The validity of the rezoning was affirmed by this court. Under the general zoning ordinance of Lakewood, Ordinance 0-70-104 Sec. 1-12, B (1970), once the city council had approved a rezoning ordinance, the property owner had one year within which to file a plat of the property with the council and to have it approved by that body. The ordinance provided that if the plat was not filed and approved within the year,

". . . no such plat may hereafter be filed or shall be accepted for filing, or approved by City Council, within said period of one year following the adoption of any such ordinance on second reading, and any land affected by any such ordinance *shall be and shall be deemed to be included within the zone district or districts from which the same was excluded by the terms of any such ordinances . . . .*" (Emphasis

---

[1] Two separate actions were brought by the plaintiffs: a declaratory judgment proceeding under C.R.C.P. 57, and certiorari review under C.R.C.P. 106(4). The trial court's opinion does not indicate under which rule it decided the issues.

added.) Ordinance 0-70-104 Sec. 1-12, B (1970).

While the action in *Snyder v. Lakewood, supra,* was pending, the district court stayed the running of this one-year filing requirement. Thus, the one year did not begin to run until November 18, 1975.

The final plat was submitted to the Lakewood Planning Commission on October 1, 1976, but was not acted upon by the commission in time for presentation to and approval by the city council by November 18, 1976. The commission then suggested that the Church request an extension from the council, which it did. On January 24, 1977, the city council passed Ordinance 0-77-1 amending Ordinance 0-73-9 which had rezoned the Church's property and which extended the time limit for the Church to obtain approval of the plat by the city council. At the same meeting, the council approved the plat by resolution No. 77-12.

On March 14, 1977, the council approved Ordinance 0-77-21 governing rezonings subject to platting. This ordinance amended and superseded Ordinance 0-70-104 which imposed the one-year time period in which plats must be approved by the city council. This amendatory ordinance generally applied to prior rezoning ordinances, including Ordinance 0-73-9 which had rezoned the Church property.

The district court found that when the plat was not filed and approved by November 18, 1973, the zoning for the property *automatically reverted* to R-1 "by operation of law." The court held that the subsequent actions by the council were an attempt to rezone the property back to R-C without the requisite notice and public hearing. As such, the ordinances were invalid, and the Church property thus retained its R-1 classification. We do not agree with the district court's resolution of this case.

In *Snyder v. Lakewood, supra,* the homeowners argued that the R-C classification did not take effect, and that passage of the ordinance rezoning the subject property from R-1 to R-C was not a "final action," because the ordinance was contingent on the filing of the plat with the city council and the council's approval. We stated in *Snyder* that

". . . [i]t is the *rezoning* which is challenged [and upheld] here, not the approval of the plat. The time begins to run when the passage of the ordinance is complete [thirty days after final publication]." *Snyder, supra,* at 376 n. 4.

The rezoning ordinance was finally adopted on March 12, 1973. Thus, the rezoning from R-1 to R-C took effect on the final passage of the ordinance. The property, however, could not be put to an R-C zoned use until the plat was approved by the city council. Although the court recognized the rule that there can be no rezoning without notice and hearing, it failed to apply that rule to the language in Ordinance 0-70-104, which provided for automatic rezoning if the plat filing requirements were not met within one year.

■ The concept of "automatic rezoning" has been dealt with in numerous jurisdictions, and the rule which has developed was succinctly stated in *Scrutton v. County of Sacramento,* 275 Cal. App. 2d 412, 79 Cal. Rptr. 872 (1969):

". . . The [automatic] reversion [of the property] would amount to a second rezoning. Automatic reversion would violate the procedural directions of state law, which demands that rezoning be accomplished through notice, hearings and planning commission inquiry."

. . . .

". . . An ordinance so conceived is not a valid exercise of zoning power." *See also Stiriz v. Stout,* 210 N.Y.S.2d 325 (1960).

This concept is not inconsistent with Colorado's statutory requirements which govern Lakewood as a statutory city, and provide that:

". . . no such regulation, restriction, or boundary shall become effective until after a public hearing thereon at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published . . . ." Section 31-23-304, C.R.S. 1973 (1977 Repl. Vol. 12).

■ In the instant case, the failure to file the plat and have it approved did not affect the zoning classification of the property which had become final, as held in *Snyder v. Lakewood, supra.* Although zoning changes and plat approvals may be conjoined, they are essentially separate and distinct matters. *See Shoptaugh v. Board of County Comm.,* 37 Colo. App. 39, 543 P.2d 524 (1975). While a statutory city may provide that property may not be used until the plat of the rezoned property is approved, it may not provide for automatic rezoning to the prior classification if the plat is not approved. This is especially so when, as in this case, the rezoning has been upheld on judicial review. *Snyder v. Lakewood, supra.*

■ Appellees further contend that Ordinance 0-77-1 amounted to special legislation in violation of Article II, Section 3, of the Colorado Constitution. Particularly, they argue that this constitutional prohibition prevents a city from passing any ordinance retrospective in its operation, or making any grant of a special privilege or franchise to any citizen. We do not agree that there is a constitutional violation in the enactment and application of Ordinance 0-77-1.

■ Obviously, there is no impairment of any contract obligation in this case. Nor is rezoning in a constitutional sense a grant of a special privilege, franchise or immunity. Rather, rezoning is legislation enacted in the exercise of the police power which regulates the use of property, and which may or may not confer incidental benefits upon the property owner.

■ This court has broadly defined restropectivity as an act "'which takes away or impairs *vested rights* acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in

respect to transactions or consideration already passed.'" (Emphasis added.) *Moore v. Live Stock Co.,* 90 Colo. 548, 10 P.2d 950 (1932); *French v. Deane,* 19 Colo. 504, 36 P. 609, 24 L.R.A. 387 (1894). Appellees have not demonstrated that they possess any vested right which is impaired by the ordinance extending the time period for the plat approval. Although adjacent property owners have an interest in protecting their property from changes in zoning which allegedly diminish the enjoyment, utilization and value of their property, this interest does not amount to a vested right, per se, in the maintenance of a particular zoning classification. As pointed out in *McGee v. City of Cocoa,* 168 So.2d 766 (Fla. App. 1964), ". . . vested rights in a particular zoning ordinance do not accrue to neighboring owners." *Accord, Norbeck Vil. Joint Venture v. Montgomery Co. Coun.,* 254 Md. 59, 254 A.2d 700 (1969). *See Navin v. Town of Exeter,* 115 N.H. 248, 339 A.2d 12 (1975); *Gray v. Trustees, Monclova Township,* 38 Ohio St. 2d 310, 313 N.E.2d 366 (1974); *Grund v. Jefferson County,* 291 Ala. 29, 277 So. 2d 334 (1973).

In conclusion, after the city council extended the time for plat approval and the plat was approved by the city council by resolution, the Church was entitled to use the property for the purposes for which it was rezoned.

In view of our holding here, we find it unnecessary to discuss the other issues raised by the parties hereto.

The judgment is reversed and the cause remanded with directions to vacate the judgment and to dismiss the action.

JUSTICE GROVES dissents.

JUSTICE GROVES dissenting:
I respectfully dissent, and would affirm the district court.