**U.S. POLLUTION CONTROL, INC., an Oklahoma corporation, Plaintiff-Appellant,**

v.

**The BOARD OF COUNTY COMMIS-SIONERS, LAS ANIMAS COUNTY, Colorado, Roland Yarberry, Eugene D. Lujan, and Ben C. Mestas, Defendants-Appellees.**

**No. 84CA0638.**

Colorado Court of Appeals, Div. II.

Nov. 7, 1985.

As Modified on Denial of Rehearing Jan. 16, 1986.

Kelly, Potter & Barshov, P.C., Eric Damian Kelly, Deborah R. Eyler, Gary J. Raso, Pueblo, for plaintiff-appellant.

Carmel A. Garlutzo, Trinidad, for defendants-appellees.

BERMAN, Judge.

In this case in which the district court affirmed the denial of a special use permit for a hazardous waste site entered in accordance with county zoning regulations, the issue before us is whether the State Hazardous Waste Siting Act (the Act), § 25–15–200.1, et seq., C.R.S. (1982 Repl. Vol. 11), exclusively controls the procedures for granting an application to operate a hazardous waste site. We hold that it does. Therefore, we affirm the judgment of the district court and the denial of the special use permit, but for a different reason.

Plaintiff, U.S. Pollution Control, Inc. (USPCI), applied for permission from defendant, the Las Animas County Board of County Commissioners (Board), to construct a hazardous waste site. The application sought both a certificate of designation (CD) pursuant to the Act and a special use permit pursuant to the county zoning regulations.

Under the Act, any person who seeks to operate a hazardous waste disposal site must first obtain a CD from the board of county commissioners. Section 25–15–202(1), C.R.S. (1982 Repl.Vol. 11). The special use permit was sought pursuant to the Las Animas County Zoning Resolutions.

The combined applications were presented at a public hearing before the Board pursuant to the requirements in § 25–15–202(5), C.R.S. (1982 Repl.Vol. 11). The Board voted unanimously to request findings of fact from the Colorado Department of Health, as required by § 25–15–202(4), C.R.S. (1984 Cum.Supp.), and to defer any further action until its findings were submitted to the Board. The Department of Health, however, could not review the application because the information submitted by USPCI in support of the application was insufficient to permit adequate review. Four months after the hearing was held, the Board denied the application for the

special use permit. No action was taken on the application for a CD.

USPCI sought judicial review pursuant to § 25–15–207, C.R.S. (1984 Cum.Supp.). The district court held that the notice given for the public hearing was defective. Therefore, it concluded the Board lacked jurisdiction to act on the CD. In regard to the special use permit, the court remanded the matter to the Board for a determination of whether such a permit should be issued. The Board denied the permit, and that denial was subsequently affirmed by the district court. This appeal ensued.

" 'Determination of the question whether the [General Assembly] has undertaken to occupy exclusively a given field of legislation depends upon an analysis of the statute and a consideration of the facts and circumstances upon which it was intended to operate.... Where the [General Assembly] has adopted statutes governing a particular subject matter, its intent with regard to occupying the field to the exclusion of all local regulation is not to be measured alone by the language used but by the whole purpose and scope of the legislative scheme.' " *City of Golden v. Ford*, 141 Colo. 472, 348 P.2d 951 (1960).

In its legislative declaration, the Act states that "improper disposal of hazardous waste and the need for establishing safe sites for the disposal of hazardous waste is a matter of statewide concern. Thus, the provisions of this part are enacted to provide an effective method of establishing such sites." Section 25–15–200.2, C.R.S. (1984 Cum.Supp.).

Consistent with the declaration that such sites are a matter of statewide concern, the Act requires recommendations from the Colorado geological survey on the geologic suitability of the hazardous waste site, recommendations from the Colorado Department of Health on the technical merits of the application, including a determination as to whether the site is located within an area designated to be optimally suitable for hazardous waste disposal, and a recommendation from that department on the ultimate issue whether the application for a

CD should be approved. Section 25–15–202(4), C.R.S. (1984 Cum.Supp.).

Notwithstanding the fact that the General Assembly has declared its intent to control the approval for the construction of such sites, deference is given by the Act to the local board of county commissioners throughout the CD application process. The CD application is made to the board of county commissioners in the county where the site is located, which then processes it according to the requirements of the Act. Section 25–15–202(1), C.R.S. (1982 Repl.Vol. 11). The Act specifically provides that the local board of county commissioners shall approve or deny the application for a CD. Section 25–15–203, C.R.S. (1982 Repl.Vol. 11). As long as the local board follows the requirements of the Act, it has the discretion to approve or deny the application.

This case is distinguishable from *C & M Sand & Gravel v. Board of County Commissioners*, 673 P.2d 1013 (Colo.App.1983) where it was held that the local board of county commissioners' authority to regulate mining had not been preempted by certain state statutes. In that case, unlike here, there were a number of state statutes indicating a legislative intent that mining operations be under the control of the local governmental authority.

Such is not the case here. The General Assembly has enacted only one statute, and its provisions are specifically addressed to the procedures for approving the application of a party to operate a hazardous waste site.

Moreover, the statute in *C & M Sand & Gravel v. Board of County Commissioners, supra*, specifically states that the state reclamation board is not to grant a mining permit if such permit is inconsistent with a plan adopted by any county. Section 34–32–109(8), C.R.S. (1984 Repl.Vol. 14).

Accordingly, we hold that the Act preempts all county or other local regulations concerning the construction of a hazardous waste disposal site and any proceedings conducted or permits issued outside the ambit of the Act are void.

The judgment of the district court and the Board's denial of the special use permit are affirmed. If USPCI still wants a certificate of designation, it shall proceed with its application to the Board of County Commissioners, in which event all of the requirements and procedures set forth in the State Hazardous Waste Siting Act, § 25–15–200.1, et seq. (1985 Cum.Supp.) shall be complied with.

VAN CISE and BABCOCK, JJ., concur.