Virgil L. BENTLEY; Patricia E. Bentley; VLB Enterprises, Ltd., a Colorado corporation; Paul J. Keohane; Linda C. Keohane; Edward Megel, Jr.; Lavern M. Megel; Robert M. Miller; Mary W. Miller; Jack B. Moore; Geraldine H. Moore; Richard E. Nailor; Lorna M. Nailor; and N. Lamar Todd, d/b/a Todd Construction Company, Plaintiffs-Appellees,

v.

VALCO, INC., a Colorado corporation, Defendant-Appellant,

and

The Board of County Commissioners In and For the County of Fremont; Roy Canterbury, Gale Decker, John F. Vrtis, in their official capacity as Fremont County Commissioners, Defendants.

No. 85CA1230.

Colorado Court of Appeals, Div. III.

July 30, 1987.

Cross, Gaddis, Kin & Quicksall, P.C., Thomas R. Cross, Colorado Springs, for plaintiffs-appellees.

Mitchell & Mitchell, P.C., Rexford L. Mitchell, Rocky Ford, for defendant-appellant.

VAN CISE, Judge.

Plaintiffs brought this C.R.C.P. 106(a)(4) action in the district court to review the decision of the defendant Fremont County Board of County Commissioners (board) granting the application of defendant Valco, Inc. (Valco) for a special use permit allowing strip mining for sand and gravel in an area zoned agricultural. The court reversed, and Valco appeals. We reverse.

Valco submitted two applications for special use permits, one to strip mine and the other to operate a batch plant for concrete. After a public hearing, the planning commission recommended denial of both. The board conducted two public hearings, after which it denied the batch plant application but granted a three-year special use permit to strip mine, subject to certain conditions.

Plaintiffs then brought this action. The court reversed the board's decision as an abuse of discretion and ordered that Valco's application be denied and the permit be cancelled and revoked.

## I.

On appeal, Valco contends first that the district court erred in finding that the board abused its discretion in granting the permit. We agree.

Pursuant to C.R.C.P. 106(a)(4), relief may be obtained in the court if the evidence in the record shows the board exceeded its jurisdiction or abused its discretion. However, under this rule, the court may reverse the decision of the board only if there is no competent evidence to support the decision. *Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304 (Colo.1986); *Hudspeth v. Board of County Commissioners of Routt*, 667 P.2d 775 (Colo.App.1983). "No competent evidence means that the ultimate decision of the administrative body is so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority." *Ross, supra.*

Weighing of the evidence and determination of facts are not matters for con-

sideration by the reviewing court. If the record shows compliance by the zoning authority with procedural requirements and the evidence establishes a factual basis for the rezoning decision, the action of the zoning authority must be affirmed. *Corper v. Denver*, 191 Colo. 252, 552 P.2d 13 (1976). The critical issue is whether there is sufficient evidentiary support in the record for the decision. *Ross, supra.*

Here, the board had to make two determinations. First, it had to decide whether the application and the evidence in support thereof met the standards set forth in the Fremont County Zoning Resolution (the resolution) for the issuance of a special use permit for strip mining in an agricultural zone. Section 411(c)(4) of the resolution states that strip mining is a conditional use subject to the issuance of a special use permit, and such permits shall not be issued unless "such activities will not permanently deface the soil, cause erosion by air or water, or be an eyesore to surrounding or adjacent uses or development."

Section 620 provides that an applicant for a permit shall present evidence that: (a) stipulated conditions have been met; (b) the use is necessary to the public health, convenience, safety, and welfare, and to the promotion of the general good of the county; and (c) the use of the property will not result in material damage or prejudice to other properties.

■ Also, since Valco, a year earlier, had applied for permits and had been turned down, the board had to decide whether res judicata barred its consideration of this second application. A zoning authority can reverse itself if there has been a substantial change in the facts or circumstances subsequent to the earlier hearing, but the applicant has the burden of proving such change. *See Bear Valley Drive-In Theater Corp. v. Board of County Commissioners*, 173 Colo. 57, 476 P.2d 48 (1970); *Anderson v. Judd*, 158 Colo. 46, 404 P.2d 553 (1965).

A review of the record indicates that there is sufficient evidence to support the board's decision in these two areas. The board cited these reasons for denying Valco's earlier application: 1) the board had made recent zoning decisions concerning two residential areas which "reinforced a residential character" for the area; 2) Valco had failed to apply for state and federal permits; 3) Valco had not addressed what impact the strip mine would have on the surrounding area; 4) Valco had not shown that there were no other available sites; and 5) Valco had not addressed the problem of increased traffic on roads to the site.

■ At the hearings before the board concerning Valco's later application, which is the subject of this appeal, the board questioned Valco closely about changes it had made in its applications. Valco offered exhibits to show it had made application to state and federal agencies for permits, and it provided more detail about water and air pollution and reclamation. It had changed the exterior boundary of the site, and it proposed a "buffer zone" with tree screening. It also offered expert testimony concerning the effect of the project on adjacent land values. Evidence was presented that the traffic increase would be only 1%. Also, Valco presented petitions signed by over 300 residents of Fremont County supporting its application.

The board considered whether the area was becoming more residential and could not support Valco's industrial use. There was evidence that 13 building permits had been issued but four of these were for additions to already existing homes. Nine of the permits were for dwellings but four or five of those nine were for residences distant from the immediate gravel mine area. There was also testimony about other industry in the area: a packing plant, a sanitation plant, and a dairy.

When the board voted to issue the permit, it made its issuance subject to conditions that provided protection to the county and its neighborhood from the gravel mine's effect. These conditions in part were 1) that the permit not be issued until Valco submitted proof of compliance with

local, state, and federal regulations governing strip mining operations and waste water discharge; 2) that Valco amend the project area to exclude a hundred foot strip along the east, north, and west sides of the project area, with the exception that five hundred feet be excluded at the point where the project abuts a residential subdivision; 3) that Valco submit a landscape plan providing for a buffer zone; 4) that a fifteen foot access lane on the road to the mine be completed before mining began and that this be the only road used for access to the site; 5) that the hours of operation be limited to 7 a.m. to 7 p.m. Monday through Friday; and 6) that reclamation work be strictly on schedule.

The evidence considered by the board was sufficient to support its decision that Valco had shown changed circumstances and that Valco met the zoning resolution requirements, particularly with the addition of the conditions to issuance of the permit.

## II.

Plaintiffs contend that the board acted arbitrarily and capriciously by ignoring evidence of their vested rights and their detrimental reliance upon the first decision to deny Valco the special use permit. We disagree.

■ The authority of a zoning board to hold a rehearing and reverse itself is subject to the limitation that rights of third parties have not vested. *Anderson v. Judd, supra.* However, plaintiffs, as adjacent landowners, did not have vested rights. "Although adjacent property owners have an interest in protecting their property from changes in zoning which allegedly diminish the enjoyment, utilization and value of their property, this interest does not amount to a vested right, per se, in the maintenance of a particular zoning classification." *Spiker v. Lakewood,* 198 Colo. 528, 603 P.2d 130 (1979). The same holds true for issuance of a special use permit.

■ The doctrine of equitable estoppel is available against a government agency to prevent manifest injustice if the party seeking its application can show that he reasonably relied on an agency action. *Webster Properties v. Board of County Commissioners,* 682 P.2d 506 (Colo.App. 1984). But, the doctrine should not be invoked as freely against a municipality as against an individual. *Fueston v. City of Colorado Springs,* 713 P.2d 1323 (Colo. App.1985).

Plaintiff Virgil L. Bentley testified before the board that he and plaintiffs Patricia E. Bentley and VLB Enterprises, Ltd. purchased property after the board's first denial of Valco's application. The property joins the proposed gravel pit in the corner. They had it replatted and estimated a total investment of two million dollars in the project. Bentley testified that, if he had known the board would later approve Valco's application, he would not have purchased the property nor have invested in it.

■ However, the board's denial of Valco's first application did not mean that the board would never grant an application from Valco. *See generally P–W Investments, Inc. v. Westminster,* 655 P.2d 1365 (Colo.1982). On the contrary, the board set out the reasons why it denied Valco's first application, and it was apparent that appropriate action taken by Valco would eliminate those reasons. Examination of the planning commission's and board's records and applicable case law would have apprised plaintiffs of this fact.

Unreasonable reliance is further shown by the fact that there was other industry in the area. Finally, any detriment to the Bentleys is mitigated by the fact that the permit was issued to Valco on the condition that Valco amend the project area to exclude 500 feet where it abuts the Bentleys' property. Estoppel is not proper under these circumstances.

The judgment is reversed and the cause is remanded with directions to reinstate the decision of the board.

STERNBERG and CRISWELL, JJ., concur.