Leroy **WHELDEN** and **Pam Whelden; Gerald Schreiber** and **Kay Schreiber; Steven Lee Baker** and **Patricia Lynn Baker; Raymond A. Haller** and **June Haller; Robert D. Gilbert** and **Judy A. Gilbert;** and **The Board of County Commissioners of the County of Washington, State of Colorado, Plaintiffs–Appellants,**

v.

The **BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ADAMS, State of Colorado; Ronald D. Nichol, Leo M. Younger, Jr., Steven E. Cramer, as members of the Board of County Commissioners of the County of Adams, State of Colorado; and Highway 36 Land Development Company, a Colorado corporation, Defendants–Appellees.**

No. 86CA1587.

Colorado Court of Appeals, Div. III.

Sept. 14, 1989.

Rehearing Denied Oct. 12, 1989.

French & Stone, P.C., Joseph C. French and Mark M. Haynes, Boulder, for plaintiffs-appellants.

Charles P. Siner, Adams County Atty., and Ronald K. Olson, Deputy County Atty., Brighton, for defendants-appellees Board of County Commissioners of County of Adams, State of Colo., and Ronald D. Nichol, Leo M. Younger, Jr. and Steven E. Cramer.

Parcel, Mauro, Hultin & Spaanstra, Paul F. Hultin, James R. Spaanstra and Marcus L. Squarrell, Denver, for defendant-appellee Highway 36 Land Development Co.

Opinion by Chief Judge KELLY.

The plaintiffs appeal the district court's judgment affirming the decision of the defendant, Adams County Board of County Commissioners, to grant a certificate of designation for a hazardous waste disposal site to Highway 36 Land Development Company (Highway 36). We affirm.

In 1982, Highway 36 applied for permission from the Board to build and operate a hazardous waste disposal site. The application sought both a certificate of designation pursuant to the Hazardous Waste Siting Act, Colo. Sess. Laws 1981, ch. 327, § 25–15–201, et seq., at 1346, and a conditional use permit pursuant to county zoning regulations. The Board denied the application because it did not comply with local land use plans and because the site would pose a threat to public safety.

After making several revisions to the facility's design and operation, Highway 36 resubmitted its application in 1983. Apply-

ing the Act as amended in 1983, *see* § 25–15–200.1, et seq., C.R.S. (1988 Cum. Supp.), the Board granted this application.

The plaintiffs, landowners near the site, sought judicial review pursuant to § 25–15–207, C.R.S. (1988 Cum.Supp.) and C.R.C.P. 106(a)(4). After reviewing the record certified by the Board, the district court affirmed the Board's action.

## I.

The plaintiffs contend that the 1983 application was barred by the denial of the earlier application under the doctrine of res judicata. We disagree.

■ The doctrine of res judicata may be applied to an administrative proceeding in a proper case, *Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974), but when substantial changes in facts or circumstances occur subsequent to the earlier hearing, the doctrine is not applicable. *Bentley v. Valco, Inc.*, 741 P.2d 1266 (Colo. App.1987). *See also Bear Valley Drive–In Theater v. Board of County Commissioners*, 173 Colo. 57, 476 P.2d 48 (1970).

■ Contrary to the plaintiffs' assertions, the later application of Highway 36 was not an attempt to obtain a second hearing on the same application. Rather, in response to the Board's objections to the first application, *see Northern National Bank v. Banking Board*, 37 Colo.App. 135, 547 P.2d 253 (1975), Highway 36 substantially revised its application by reducing the facility's capacity and extending the number of years during which the facility would operate. The later application also addressed the Board's concerns regarding fire protection, emergency response capability, and compatibility with land use plans.

■ Moreover, in reviewing an application for a certificate of designation, the Board is to take into account the need for the facility. Section 25–15–203(1)(c), C.R.S. (1988 Cum.Supp.). When a tribunal's decision is based on consideration of the public need and advantage, reconsideration "should never be foreclosed by res judicata." *Northern National Bank v. Banking Board, supra.* Consequently, res judicata did not bar consideration of the later application.

## II.

The plaintiffs contend that the Board's decision to grant a certificate of designation to Highway 36 was arbitrary and capricious because it was unsupported by substantial evidence in the record. We disagree.

■ The Hazardous Waste Siting Act provides for judicial review of the award of a certificate of designation. *See* § 25–15–207, C.R.S. (1988 Cum.Supp.). If the court finds that issuance of the certificate was unsupported by substantial evidence in the record, then the action must be set aside and the case remanded for further proceedings. Section 25–15–207(1), C.R.S. (1988 Cum.Supp.). The "substantial evidence" standard requires that there be more than merely "some evidence in some particulars" to support the Board's decision. *Lassner v. Civil Service Commission*, 177 Colo. 257, 493 P.2d 1087 (1972); *Colorado–Ute Electric Ass'n v. Public Utilities Commission*, 760 P.2d 627 (Colo. 1988).

A board of county commissioners may issue a certificate of designation only upon a finding that six factors exist: (1) the Department of Health has recommended approval; (2) the site would not pose a significant threat to public safety; (3) the applicant has demonstrated a need for the facility by Colorado hazardous waste generators; (4) the applicant has documented its financial ability to operate the site; (5) the applicant has documented sufficient expertise and competency to manage the facility; and (6) the site conforms to officially adopted land use plans, policies, regulations, and resolutions. Section 25–15–203(1), C.R.S. (1988 Cum.Supp.).

■ Here, the Board made a positive finding on each point. Although the evidence presented at the public hearing on these issues was conflicting, our review persuades us that there is substantial evidence in the record which, if believed by

the Board, supports its findings. *See Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304 (Colo.1986).

There was testimony that the facility, rather than threatening public safety, could increase public safety by improving emergency response capabilities both on-site and off-site. Representatives of local industry testified that the facility is needed to dispose safely of the approximately 10,000,000 gallons of hazardous waste generated annually in Colorado. As a wholly-owned subsidiary of Browning–Ferris Industries, Highway 36 will have access to that corporation's management expertise and financial resources. There was also testimony that the site is not inconsistent with the county's land use plans or its waste management plan. This evidence is sufficient to support the Board's action.

■ The plaintiffs also argue that the Board's decision to grant a conditional use permit pursuant to Adams County Zoning Regulations § 6.200 was arbitrary and capricious. We need not review this decision because the Hazardous Waste Siting Act preempts all county or other local regulations concerning the construction of a hazardous waste disposal site. *U.S. Pollution Control, Inc. v. Board of County Commissioners*, 714 P.2d 511 (Colo.App.1985).

### III.

The plaintiffs contend that the district court erroneously denied them discovery to inquire into alleged *ex parte* contacts between persons associated with Highway 36 and individual commissioners before the Board's public hearing. This contention is without merit.

■ District court review of administrative action is limited to review of the record before the administrative body. C.R.C.P. 106(a)(4)(I); *Hancock v. Department of Revenue*, 758 P.2d 1372 (Colo.1988). In order to avoid strict application of this rule, the party challenging the action must make a threshold showing that members of the Board improperly considered evidence not before the Board or that they engaged in improper conduct which affected the result.

*See City of Colorado Springs v. District Court*, 184 Colo. 177, 519 P.2d 325 (1974); *Board of Education v. District Court*, 174 Colo. 255, 483 P.2d 361 (1971).

■ The district court found, and we agree, that the plaintiffs did not make such a threshold showing. Consequently, it was not error to deny the plaintiffs' discovery request.

### IV.

The plaintiffs argue that the record certified by the Board to the district court for review was improper because "it was ... indeterminate what was actually reviewed by the Commissioners and formed the basis for their decision." We find no merit in this argument.

■ After a record has been certified by a quasi-judicial body to the district court for review, the burden is on the person seeking review to show that there are imperfections in the record as well as resulting prejudice. *See Civil Service Commission v. Doyle*, 174 Colo. 149, 483 P.2d 380 (1971). Because there is sufficient evidence in the record as certified to support the Board's action, the plaintiffs here have not shown any prejudice.

### V.

■ The plaintiffs contend that the Board erroneously added conditions to the certificate of designation without conducting another public hearing. We disagree.

Section 25–15–204(4), C.R.S. (1982 Repl. Vol. 11) states: "The certificate of designation may provide such conditions as may reasonably be necessary for the safe operation of such site...."

The conditions complained of by the plaintiffs are the use of a synthetic liner in the facility's waste burial cells, and the submission to the Board of Highway 36's insurance policies for the site and its proposed fee schedule and hours of operation. These requirements are related to the safe operation of the site; thus, the Board did not err by adding them.

## VI.

The plaintiffs' contention that the Board improperly delegated its authority by imposing certain conditions in the certificate of designation is without merit.

We reject the plaintiffs' argument that the Board delegated its authority to the Department of Health by requiring that Highway 36 install those monitoring facilities required by the Department. Pursuant to § 25–15–301(1), C.R.S. (1982 Repl. Vol. 11), the Department has authority to monitor and inspect hazardous waste disposal facilities.

Because the Department and the Environmental Protection Agency have authority to require operators of hazardous waste disposal sites to provide evidence of financial assurance, § 25–15–303(7), C.R.S. (1982 Repl.Vol. 11); 42 U.S.C. § 6924(a) (1984), the requirement that Highway 36 submit copies of insurance policies showing coverage acceptable to those agencies was not improper.

Finally, the condition that Highway 36 insure that haulers use routes designated by the Department of Highways was proper. The hazardous waste program must be coordinated with other state agency activities relating to the transportation of hazardous materials. Section 25–15–307(2), C.R.S. (1988 Cum.Supp.).

The plaintiffs' other arguments are without merit.

Judgment affirmed.

TURSI and JONES, JJ., concur.