**David LUCK, Plaintiff–Appellant,**

v.

**The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF CLEAR CREEK, Colorado; Peggy Stokstad, individually; Peter Kenney, individually; Nelson Fugate, individually; and I. Thomas Baran, Jr. and Frances M. Baran, d/b/a Colorado Counseling, Defendants–Appellees.**

**No. 88CA1886.**

Colorado Court of Appeals,
Div. I.

Jan. 18, 1990.

Rehearing Denied Feb. 22, 1990.

G.E. Shields, P.C., G.E. Shields, Lakewood, for plaintiff-appellant.

Vranesh and Raisch, John R. Henderson and Brian M. Nazarenus, Boulder, for defendants-appellees I. Thomas Baran, Jr. and Frances M. Baran, d/b/a Colorado Counseling.

No appearance for defendants-appellees Bd. of County Com'rs, Peggy Stokstad, Peter Kenney and Nelson Fugate.

Opinion by Judge PIERCE.

Plaintiff, David Luck, appeals from a district court judgment that dismissed his complaint challenging a rezoning action as being untimely filed. We reverse and remand for further proceedings.

The landowners, defendants I. Thomas Baran, Jr., and Frances M. Baran, filed an application with the county seeking to have their property rezoned from mountain residential-one (MR–1) to planned development (PD). Public hearings on the rezoning application were conducted by the defendant Board of County Commissioners of Clear Creek County (the Board) in December 1987.

On January 14, 1988, the Board orally granted "conditional approval" of the rezoning application and authorized completion of a final Official Development Plan (ODP) which was to contain certain specified conditions. On February 29, 1988, with the adoption of certain amendments to the ODP as drafted, the Board voted for final approval and execution of the ODP, and the final ODP was executed by the Board on that date.

Plaintiff filed his complaint challenging the Board's rezoning approval in the district court on March 30, 1988. In his complaint, plaintiff sought judicial review of the Board's rezoning approval pursuant to C.R.C.P. 106(a)(4), and plaintiff also sought damages from the defendants pursuant to 42 U.S.C. § 1983 for the alleged deprivation of his procedural due process rights by the Board in the rezoning process.

By the language of the rule, a C.R.C.P. 106(a)(4) action for judicial review must be filed in the district court not later than thirty days after the "final decision" of the body or officer being challenged. C.R.C.P. 106(b).

The district court ruled that the Board's final approval of the rezoning application, as contrasted to its subsequent approval of the plat, occurred on January 14, 1988, and that, therefore, the thirty-day filing deadline for plaintiff's C.R.C.P. 106(a)(4) action began to run on that date. Thus, the district court concluded that plaintiff's action was not timely filed and that, consequently, it lacked subject matter jurisdiction to hear the case. As a result, it dismissed plaintiff's complaint in its entirety.

## I.

■ Arguing that the Board's final action on the rezoning application was taken on February 29, 1988, rather than on January 14, 1988, plaintiff contends that his

C.R.C.P. 106(a)(4) action was timely filed within the thirty-day filing deadline. We agree.

The district court's reliance on *Snyder v. Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975) in support of its determination that final action on the rezoning application was taken on January 14th is misplaced. In *Snyder,* the supreme court held that the thirty-day filing deadline in rezoning cases begins to run when the passage of the rezoning ordinance is complete. Thus, in that case, where the rezoning ordinance was not to be effective until the subsequent approval of the applicant's plat, the final action which triggered the time limit of C.R.C.P. 106(b) for review of the rezoning was the passage of the rezoning ordinance, not the approval of the plat.

However, although *Snyder* indicates that final action in rezoning cases may be conditional, only *final* action on the rezoning application triggers the thirty-day filing deadline under C.R.C.P. 106(b). Here, we conclude that the Board's unwritten action on January 14th constituted only preliminary or tentative approval of the rezoning application, and that, as a matter of law, no *final* approval of the *rezoning* itself occurred until February 29th.

Although zoning changes and plat approvals are essentially separate and distinct matters, we note that they may be joined for simultaneous consideration. *See Spiker v. Lakewood,* 198 Colo. 528, 603 P.2d 130 (1979). Such was the case here.

Here, the ODP was more than just a plat; rather, the ODP constituted the rezoning plan itself and set forth the conditions for the rezoning approval to the PD zoning district. Thus, final approval of the rezoning application itself did not occur until the passage of the Board's final approval and execution of the ODP, with amendments, on February 29th. *See Webster Properties v. Board of County Commissioners,* 682 P.2d 506 (Colo.App.1984) (invalid 1971 resolution purporting to amend ODP was attempted *rezoning* action by county, rather than action on plat); *see also* §§ 24–67–103(2) and 24–67–103(3), C.R.S. (1988 Repl.Vol. 10B).

We also note that the conditions on the rezoning approval were not made final until February 29th and that the first official documentation of the Board's approval of the rezoning in writing did not occur until the execution of the ODP on February 29th. *Cf. Snyder, supra* (thirty-day time limit began to run from the date the rezoning *ordinance* was passed).

Accordingly, since the Board's final approval of the rezoning application occurred on February 29th, plaintiff's C.R.C.P. 106(a)(4) action was timely filed, and the district court erred in dismissing it.

## II.

We also agree with plaintiff that the district court erred in dismissing his claims under 42 U.S.C. § 1983. Regardless of the status of the C.R.C.P. 106(a)(4) action, plaintiff's complaint sufficiently stated a claim under 42 U.S.C. § 1983, which provides an independent federal remedy for challenging rezoning actions if, as here, a plaintiff seeks money damages to vindicate alleged procedural due process violations in the rezoning process. *See Sclavenitis v. Cherry Hills Village Board of Adjustment and Appeals,* 751 P.2d 661 (Colo. App.1988).

In light of this disposition, we need not address the remaining contentions of the parties.

Accordingly, the judgment is reversed, and the cause is remanded to the district court with directions to reinstate plaintiff's complaint in its entirety and to conduct further proceedings thereon.

METZGER and REED, JJ., concur.