Valerie **VENDETTI**,
Complainant–Appellant,

v.

**UNIVERSITY OF SOUTHERN COLO-
RADO,** and State Personnel Board,
Respondents–Appellees.

No. 89CA0736.

Colorado Court of Appeals,
Div. V.

May 3, 1990.

Law Offices of J.E. Losavio, Jr., J.E. Losavio, Jr., Michael E. Lajoie, Pueblo, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Edward R. Liberatore, Asst. Atty. Gen., Denver, for respondents-appellees.

RULAND, Judge.

Complainant, Valerie Vendetti, seeks review of the final order of the State Personnel Board (Board) dismissing her administrative appeal as untimely filed. We affirm.

Following an administrative hearing, a hearing officer issued a decision upholding claimant's termination from her employment by respondent, University of Southern Colorado. This decision was dated and mailed to the parties on December 30, 1988.

Although complainant's written appeal was dated and mailed on January 27, 1989,

it was not received by the Board until January 31. The Board therefore dismissed the appeal, ruling that the time for filing an appeal expired on January 30. The Board also denied complainant's subsequent motion for reconsideration or for an extension of time.

Section 24–50–125.4(4), C.R.S. (1988 Repl.Vol. 10B) requires that an appeal to the Board be filed "within thirty days of the initial decision pursuant to § 24–4–105(14)." Section 24–4–105(14), C.R.S. (1988 Repl.Vol. 10A), in turn, mandates that any appeal of the hearing officer's decision be filed "within thirty days after service of the initial decision."

Relying upon the quoted language in § 24–4–105(14), complainant contends that the thirty-day period commenced to run from the date the hearing officer's decision was actually received. We disagree.

 "Service" is not synonymous with "receipt." *See Black's Law Dictionary* 1433 (rev. 4th ed. 1968). In addition, § 24–4–105(16), C.R.S. (1988 Repl.Vol. 10A) specifically defines how service is accomplished and, as relevant here, provides that service is effected on the date of mailing. Accordingly, the thirty-day period for claimant to appeal commenced on December 30. *See* State Personnel Board Rule R10–10–1, 4 Code Colo.Reg. 801–1.

We also reject complainant's contention that three days must be added to the filing time if the decision is mailed. There are no statutory or regulatory provisions that presently permit such a grace period. *See* §§ 24–50–125.4(4) and 24–4–105(14); State Personnel Board Rule R10–10–1. Contrary to complainant's argument, State Personnel Board Rule R10–6–1(B)(1), 4 Code Colo.Reg. 801–1, which provides for such a three-day grace period, is not applicable here. Rather, this rule applies only to the initial appeal taken from the action of the appointing authority.

Finally, we perceive no abuse of discretion by the Board or any violation of complainant's due process rights in dismissal of the untimely administrative appeal under the circumstances here. *See State*

*Personnel Board v. Gigax*, 659 P.2d 693 (Colo.1983) (time limits in State Personnel Board appeals are generally mandatory); *Ford v. Henderson*, 691 P.2d 754 (Colo. App.1984) (party's reliance on postal service for timely delivery of appeal did not constitute excusable neglect authorizing extension of time to permit untimely filing of appeal).

We have considered complainant's other contentions of error and find them to be without merit.

The order is affirmed.

Judge NEY and Judge DAVIDSON concur.