John R. DANIELSON, individually and d/b/a Commerce City Business Center, and Commerce City Business Center, Plaintiffs–Appellees,

v.

ZONING BOARD OF ADJUSTMENT OF the CITY OF COMMERCE CITY; Ralph Thompson, David Mitchell, Gene Crusan, Shirley Juhl and Roland Cole, individually and as members of the Zoning Board of Adjustment of the City of Commerce City; Steve House, Director of Community Development of the City of Commerce City; Brad Schol, Planning Coordinator of the City of Commerce City; Jon Stein, Planner II of the City of Commerce City; and the City of Commerce City, Defendants–Appellants.

No. 89SA418.

Supreme Court of Colorado, En Banc.

Dec. 24, 1990.

Wendelyn K. Walberg, Walberg, Dagner & Loyd, P.C., Englewood, for plaintiffs-appellees.

Steven J. Dawes, Greengard Senter Goldfarb & Rice, Denver, and Thomas E. Merrigan, Gehler & Merrigan, Commerce City, for defendants-appellants.

Justice MULLARKEY delivered the Opinion of the Court.

This is a direct appeal pursuant to section 13–4–102(1)(b), 6A C.R.S. (1987), challenging a decision by the Adams County District Court which held unconstitutional a portion of a Commerce City zoning ordinance. Because the complaint, filed under C.R.C.P. 106(a)(4),[1] was not timely filed

---

1. C.R.C.P. 106(a)(4) specifies in part that a party may obtain relief in district court:

    (4) Where any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law:

    (I) Review shall be limited to a determination of whether the body or officer has ex-

within thirty days as required by C.R.C.P. 106(b),[2] we reverse and remand the case to the district court with directions to dismiss the complaint.

### I.

The complaint in this case was filed by John R. Danielson ("Danielson"), individually and d/b/a Commerce City Business Center, and Commerce City Business Center, a joint venture, against the Commerce City Zoning Board of Adjustment ("Zoning Board"), the City of Commerce City, and named individuals who are either city employees or members of the Zoning Board.

Danielson owns commercial property in an area of Commerce City zoned as I–1 Industrial Park District. On June 11, 1987, Danielson initiated this matter by seeking an interpretive ruling from the Zoning Board regarding the proposed use of a portion of his property by a prospective tenant. He asked whether truck repair and service for all sizes of trucks was a use by right in the I–1 zone. The Zoning Board heard Danielson's request at its August 4, 1987 hearing when Danielson appeared personally and through counsel. After hearing Danielson's presentation and conferring with its staff and its attorney, the Zoning Board ruled against Danielson. It concluded that service and repair of trucks weighing more than one and one-half tons was not a use of right in an I–1 zone. The ruling was made orally at the August 4, 1987 meeting in the presence of Danielson and his attorney. Danielson then filed his complaint in the Adams County District Court on September 4, 1987.

The complaint alleged that the court had jurisdiction pursuant to C.R.C.P. 106(a)(4) and stated the following substantive claims for relief against the Zoning Board:

> B. For judicial review of the decision and ruling of the Board and its members of August 4, 1987, and the underlying staff interpretations; and
>
> C. For a declaratory judgment finding that the actions taken by Defendant Board and its members and the interpretations made by staff were arbitrary and capricious and an abuse of their discretion, and
>
> D. For a declaratory judgment finding that the actions taken by Defendant Board and its members and the interpretations made by the staff exceeded their jurisdiction and were improper, and
>
> E. For an injunction or mandamus or any other appropriate relief to be entered against Defendant Board and its members, and Defendant staff, and Defendant City of Commerce City to prevent, injoin [sic], abate, remove or eliminate such violation of the Ordinance by Defendant Board and its members, and Defendant staff, and Defendant City of Commerce City in the future....

After an evidentiary hearing, the district court ruled in Danielson's favor. It found that the zoning ordinance setting forth the uses by right and exclusions for I–1 Industrial Park District was "vague and overbroad" and that the Zoning Board's interpretation of the ordinance was arbitrary and capricious.[3] On appeal, the Zoning

---

ceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer.

2. C.R.C.P. 106(b) specifies in part, "If no time within which review may be sought is provided by any statute, a complaint seeking review under [C.R.C.P. 106(a)(4)] shall be filed in the district court not later than thirty days after the final decision of the body or officer." The Commerce City zoning ordinance provides that a party aggrieved by a decision of the Zoning Board of Adjustment must appeal for judicial review of the decision within thirty days. Ch. 21, § D.3.z.

3. The trial court identified the relevant portion of the zoning ordinance as follows:

> XIII. I–1 INDUSTRIAL PARK DISTRICT
> A. *GENERAL.* The I–1 Industrial Park District is comprised of areas which are primarily developed for non-offensive types of industrial activity.
> B. *USES BY RIGHT.*
> 6. Machinery sales, excluding truck trailers and heavy equipment.
> 9. Automobile sales and service.
> 12. The repair, rental and service of any commodity.
> 14. Transportation terminal for freight and passengers (need not be enclosed).

Board argues that the complaint should have been dismissed by the district court because it was not filed within thirty days as required by C.R.C.P. 106(b).[4] We agree.

## II.

█ It is well established that the thirty-day time requirement in C.R.C.P. 106(b) is jurisdictional and a complaint to review the actions of an inferior tribunal will be dismissed if it is not filed within thirty days after final action by that tribunal. *Tri-State Generation and Transmission Company v. City of Thornton*, 647 P.2d 670, 675 (Colo.1982). *See also Collopy v. Wildlife Commission*, 625 P.2d 994, 1004 n. 19 (Colo.1981); *Norby v. City of Boulder*, 195 Colo. 231, 234, 577 P.2d 277, 279 (1978); *Snyder v. Lakewood*, 189 Colo. 421, 428, 542 P.2d 371, 376 (1975). Here, both parties agree that the complaint was filed thirty-one days after the Zoning Board's decision.

█ Danielson argues that the district court had jurisdiction to find the ordinance unconstitutional because the complaint sought declaratory relief and the claim for declaratory relief was not barred by his failure to file the complaint within thirty days of the Zoning Board's action. It is true that a single complaint can combine claims for judicial review under C.R.C.P. 106(a)(4) and declaratory judgment claims under C.R.C.P. 57. It is also true that C.R.C.P. 106(a)(4) and its thirty-day time limitation apply only to judicial review of a quasi-judicial action of an inferior tribunal and do not apply to challenges to legisla-

tive acts. *Tri–State Generation*, 647 P.2d at 677. We recognized in *Tri–State Generation* that the thirty-day time limit of C.R.C.P. 106(b) does not prevent the district court from considering a plaintiff's declaratory judgment claims challenging the constitutionality of a city ordinance even though the claims for judicial review pled in the same complaint are barred. *Id.* In that case, we held that, under the version of C.R.C.P. 106(a)(4) then in effect, the plaintiffs' judicial review claims must be dismissed for failure to join an indispensable party within thirty days of the rezoning decision at issue. *Id.* at 675–76. However, we went on to consider the plaintiffs' second claim for relief which challenged the facial constitutionality of the city's planned unit development ordinance because that challenge "implicate[d] the city's actions in a legislative rather than a judicial capacity." *Id.* at 677.

In the case now before us, however, our review of the record indicates that at no time did Danielson challenge the facial constitutionality of the zoning ordinance in the district court proceeding. The complaint, which was not amended, raises no constitutional claims and the facial constitutionality of the ordinance was neither briefed nor argued. Danielson complained only about the interpretation of the ordinance and how the ordinance had been applied to him. Danielson thus did not challenge Commerce City's actions in a legislative capacity but merely sought judicial review of a quasi-judicial action of the Zoning Board. The

15. The above listed [uses] are by way of example and not by way of limitation.

C. *EXCLUSIONS.* The basic production, manufacturing or basic processing, shipping, handling or storing any of the following products or materials and the following specifically identified [uses] are excluded in I–1 Districts:

32. Transportation terminals where the vehicles are used to carry flammable, explosive, hazardous or highly toxic materials.

34. The above listed exclusions are by way of example and not by way of limitation.

4. As an initial matter, the Zoning Board argues that its interpretation of the zoning ordinance is not subject to judicial review. We disagree. The Zoning Board's interpretation was made in

response to Danielson's request and after a public hearing. This was final agency action reviewable under C.R.C.P. 106(a)(4). *Cf.* § 24–4–105(11), 10A C.R.S. (1988) (under State Administrative Procedure Act, agency rules must provide for declaratory orders "to terminate controversies or to remove uncertainties as to the applicability to the petitioners of any statutory provision or of any rule or order of the agency. The order disposing of the petition shall constitute agency action subject to judicial review."). To hold that the Zoning Board's interpretation is not subject to judicial review would require Danielson or his tenant to go through the futile act of applying for a building permit which would be rejected on the basis of the Zoning Board's interpretation.

district court apparently raised the facial constitutionality issue on its own motion without notice to the parties and held that the ordinance was unconstitutionally vague and overbroad. In so doing, the district court clearly abused its discretion.

Accordingly, this is not a case like *Tri-State Generation* where a portion of the complaint may survive because it challenges a legislative act by the city. Here, Danielson's prayer for declaratory judgment sought nothing more than judicial review of the Zoning Board's decision. Danielson cannot escape the time limitations of C.R.C.P. 106(b) by labelling his request for judicial review as a prayer for declaratory judgment. *Tri-State Generation,* 647 P.2d at 676–677 n. 7 ("a party may not seek to accomplish by a declaratory judgment what it can no longer accomplish directly under C.R.C.P. 106(a)(4)") (citations omitted); *see also Higby v. Board of County Commissioners,* 689 P.2d 635, 638 (Colo.Ct.App.1984) (holding that claims for declaratory relief under 42 U.S.C. § 1983 challenging zoning determinations were precluded because a C.R.C.P. 106(a)(4) proceeding is the exclusive remedy challenging a zoning determination absent a facial challenge to the zoning ordinance) (citations omitted). Thus, the entire complaint is barred by Danielson's failure to file the complaint within thirty days of the decision by the Zoning Board.[5]

For these reasons, we reverse the judgment of the district court and remand this case with directions to dismiss the complaint.

---

5. As an alternative ground for dismissing the complaint, we note that the ordinance in question was amended on October 19, 1987, expressly to prohibit truck repair in an I–1 Industrial Park District. Thus, even assuming his complaint could be interpreted as a challenge to the facial constitutionality of the statute, that claim has been mooted by the amendment of the ordinance.

We also note that Danielson lost any claim he may have had that the ordinance was unconstitutional as applied to him when he failed to file suit within thirty days. *Tri-State Generation,* 647 P.2d at 676 n. 7 (dismissing a constitutional challenge to an ordinance as applied because such a challenge "is concerned with the application of a general rule or policy 'to specific individuals, interests, or situations,' and is generally a quasi-judicial act subject only to C.R.C.P. 106(a)(4) review," and addressing a facial constitutional challenge because "a facial constitutional challenge concerns a general rule or policy applicable to an open class of individuals and, as such, is generally a legislative act subject to review under C.R.C.P. 57 rather than C.R.C.P. 106(a)(4).") (citation omitted).