**CADNETIX CORPORATION, a Colorado corporation, Plaintiff–Appellant,**

**v.**

**The CITY OF BOULDER, a municipal corporation within the State of Colorado, Defendant–Appellee.**

No. 89CA0168.

Colorado Court of Appeals, Div. III.

Feb. 28, 1991.

Ireland, Stapleton, Pryor & Pascoe, P.C., Tucker K. Trautman, Neal S. Cohen, Denver, for plaintiff-appellant.

Office of the City Atty., Joseph N. deRaismes, III, James M. Tydings, Boulder, for defendant-appellee.

Opinion by Judge METZGER.

Plaintiff, Cadnetix Corporation, appeals the district court judgment dismissing its C.R.C.P. 106(a)(4) complaint as untimely. We affirm.

Although the record is limited, the facts are not in dispute. On June 16, 1987, the city of Boulder issued a Notice of Final Assessment of Sales Tax Due to Cadnetix, which manufactures computer work stations for resale. Cadnetix appealed that determination pursuant to the provisions of the Boulder Revised Code and, on December 8, 1987, a hearing was conducted.

By letter, dated September 6, 1988, to Cadnetix's comptroller, the appeal was denied. Cadnetix commenced its C.R.C.P. 106(a)(4) action seeking judicial review on October 11, 1988. The city then filed a motion to dismiss for lack of subject matter jurisdiction.

---

\* Sitting by Assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, § 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Relying on *Snyder v. Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975), the city argued that the hearing officer's decision was final as of the date listed thereon, *i.e.,* September 6, 1988. Citing C.R.C.P. 106(b), which requires writs for review of an inferior tribunal to be filed "not later than 30 days from the final action." Noting that Cadnetix's complaint was filed on October 11, 1988, the city asserted that the complaint was untimely. The trial court agreed, adopted this argument, and entered judgment in the city's favor.

## I.

■ Cadnetix first contends that the effective date of the hearing officer's decision should be the date of receipt and that the trial court erred in ruling otherwise. We disagree.

The 30–day period for filing a C.R.C.P. 106(a)(4) action begins to run when the action complained of is complete. *See Snyder v. Lakewood, supra.* This can be described as "the point of administrative finality," *see Aurora v. Hood,* 194 Colo. 80, 570 P.2d 246 (1977), which leaves nothing further for the agency to decide. Therefore, we must examine the circumstances here to determine the point of finality of the hearing officer's decision.

The hearing officer's decision states: "[T]his assessment is due and payable within thirty days from this letter unless the taxpayer appeals this decision as provided in Sections 3–2–26 and 1–3–5(j), Boulder Revised Code 1981. *In this matter, the decision is final subject only to judicial review pursuant to Colorado Rules of Civil Procedure 106(a(4).* " (emphasis added)

Boulder Revised Code 1–3–5(i) provides that, in cases such as this, the hearing officer's decision shall be effective "on the date mailed or on such other date as is stated in the decision." The decision is dated September 6, 1988.

The record contains no evidence of the mailing date of the hearing officer's decision, nor has Cadnetix provided any evidence that the decision was neither timely mailed nor timely received. Thus, we conclude that September 6, 1988, constitutes the "point of administrative finality," *see Aurora v. Hood, supra,* and is, therefore, the effective date of the decision for purposes of C.R.C.P. 106(b).

Contrary to Cadnetix's argument, its absence at the time the hearing officer's decision was rendered has no bearing on this determination. In *Sullivan v. Board of County Commissioners,* 692 P.2d 1106 (Colo.1984), the resolution was deemed effective as of the date of its adoption, notwithstanding Sullivan's absence at the hearing during which the resolution was adopted. That rule applies here as well.

Cadnetix has failed either to allege sufficient facts or to provide persuasive legal authority to indicate that the effective date of the hearing officer's decision here was any date other than the date stated in the decision. Indeed, in its C.R.C.P. 106 complaint, Cadnetix stated that the hearing officer's decision, dated September 6, 1988, "is final." Consequently, the trial court's determination of this issue was correct. *Norby v. Boulder,* 195 Colo. 231, 577 P.2d 277 (1978). *See also Vendetti v. University of Southern Colorado,* 793 P.2d 657 (Colo.App.1990).

## II.

■ Nor do we agree with Cadnetix's assertion that, because the hearing officer's decision was mailed, the three-day extension provided by C.R.C.P. 6(e) applies here.

The basis of this argument is contained in our supreme court decisions in *Poor v. District Court,* 190 Colo. 433, 549 P.2d 756 (1976) and *Bonanza Corp. v. Durbin,* 696 P.2d 818 (Colo.1985). In these cases, the court held that C.R.C.P. 6(e) applies to extend the period to file motions under C.R.C.P. 59(b) when notice of the trial court judgment is mailed.

However, C.R.C.P. 106, which contains its own procedural scheme, does not provide for such an interpretation. "By its terms, C.R.C.P. 106(b) is preempted only by differing time limits which are provided by any statute," *Gold Star Sausage Co. v.*

*Kempf,* 653 P.2d 397 (Colo.1982), and Cadnetix has cited no statute to support its assertion.

Moreover, the plain language of C.R.C.P. 6(e) belies Cadnetix's assertions here. It states: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other papers upon him, other than process under Rule 4, and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." Since a C.R.C.P. 106(a)(4) action can only be commenced pursuant to C.R.C.P. 4, C.R.C.P. 6(e) cannot apply to extend the time.

Accordingly, absent any specific authority to the contrary, *see Tri–State Generation & Transmission Co. v. Thornton,* 647 P.2d 670 (Colo.1982), we hold that C.R.C.P. 6(e) does not apply to extend the time for initiation of a C.R.C.P. 106(a)(4) action. *See Vendetti v. University of Southern Colorado, supra; Cline v. Farmers Insurance Exchange,* 792 P.2d 305 (Colo.App. 1990); *Denver v. Board of Assessment Appeals,* 748 P.2d 1306 (Colo.App.1987); *Lutheran Hospital & Homes Society v. Industrial Commission,* 710 P.2d 496 (Colo. App.1985).

The judgment is affirmed.

TURSI and CRISWELL, JJ., concur.