Douglas L. CRAWFORD,
Plaintiff–Appellant,

v.

STATE of Colorado, DEPARTMENT OF CORRECTIONS, and Colorado Territorial Correctional Facility, Defendants–Appellees.

No. 94CA0765.

Colorado Court of Appeals,
Div. II.

April 6, 1995.

Max I. Exline, Pueblo, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty., Timothy M. Tymkovich, Sol. Gen., Paul S. Sanzo, Sr. Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge ROY.

Plaintiff, Douglas L. Crawford, an inmate incarcerated at the Canon City Department of Corrections facility, appeals the district court's dismissal of his petition for judicial review of a prison disciplinary action. We affirm.

In December 1992, a prison disciplinary hearing was held and plaintiff was found guilty of two violations of the Department of Corrections Code of Penal Discipline. This decision was upheld by the facility superintendent.

On January 4, 1993, upon further review, the disciplinary action was again upheld by a designee of the facility superintendent. The final decision was sent to plaintiff on that date via intra-prison mail but was not actually hand-delivered to him until four days later.

On February 5, 1993, 32 days after the date of the final decision, plaintiff, through his attorney, filed a petition with the district court for judicial review pursuant to § 24-4-106, C.R.S. (1988 Repl.Vol. 10A) of the Administrative Procedure Act (APA). The district court dismissed the petition as untimely. From this dismissal, plaintiff appeals.

## I.

Plaintiff asserts that a prison disciplinary action may be reviewed under § 24-4-106. We disagree.

Section 24-4-106 sets forth procedures for judicial review of final agency actions for which review is not otherwise provided by statute. However, any right which may have existed to obtain review of a prison disciplinary action under the APA was eliminated by the enactment of § 17-1-111, C.R.S. (1994 Cum.Supp.) (effective June 7, 1990). Section 17-1-111 provides: "The provisions of this title relating to the management, *discipline,* and classification *of inmates ... shall not be subject to section[s]* 24-4-103, 24-4-105, or *24-4-106,* C.R.S." (emphasis added)

In light of this prohibition, plaintiff argues that § 17–1–111 only precludes APA review of the *provisions* of Title 17 relating to the discipline of inmates and not to the review of individual disciplinary actions. We conclude to the contrary.

■ A statute must be interpreted so as to effectuate the intent of the General Assembly. To discern that intent, a court should look first to the plain language of the statute. *See Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991). If the meaning of the statutory provision is clear and no absurdity is involved, the language must be applied as written. *Snyder Oil Co. v. Embree,* 862 P.2d 259 (Colo.1993).

■ As noted, the plain language of § 17–1–111 expressly precludes the review plaintiff seeks. Moreover, contrary to what plaintiff seems to suggest, the APA permits judicial review only of final agency action and does not grant any additional judicial review of legislation enacted by the General Assembly. *See* § 24–4–106.

Therefore, we conclude that § 17–1–111 precludes review of prison disciplinary actions under § 24–4–106 of the APA. Hence, the trial court properly determined that the APA did not apply.

## II.

In the alternative, plaintiff contends that the petition for review substantially complies with, and was not untimely under, C.R.C.P. 106. We conclude that the petition was untimely and, thus, do not address whether it was in substantial compliance with C.R.C.P. 106.

■ C.R.C.P. 106(a)(4) provides for review in the nature of certiorari of quasi-judicial actions. A prison disciplinary hearing decision, as a quasi-judicial action, is reviewable pursuant to C.R.C.P. 106(a)(4). *See Kodama v. Johnson,* 786 P.2d 417 (Colo.1990).

■ Review under C.R.C.P. 106(a)(4) must be taken within 30 days of the date of the action for which review is sought. *See* C.R.C.P. 106(b); *Danielson v. Zoning Board of Adjustment,* 807 P.2d 541 (Colo.1990). Failure to comply with the 30-day limitations period divests the district court of subject matter jurisdiction to hear the action. *See Danielson v. Zoning Board of Adjustment, supra; Cadnetix Corp. v. City of Boulder,* 807 P.2d 1253 (Colo.App.1991).

■ It is undisputed that plaintiff did not seek review until 32 days after the final decision of the Department of Corrections. Plaintiff argues, however, that because he did not receive the decision until four days after it was rendered, he should be allotted a corresponding amount of additional time to respond. We disagree.

A similar argument was rejected in *Cadnetix Corp. v. City of Boulder, supra,* in which a division of this court held that the determinative date for review under C.R.C.P. 106 was when the final decision was rendered and not the date upon which the decision was received. *See also Digital Equipment Corp. v. Industrial Claim Appeals Office,* 894 P.2d 54 (Colo.App.1995) ("mailing window" of C.R.C.P. 6(e) does not extend time to seek review of Industrial Claim Appeals Office decision); *Buschmann v. Gallegos Masonry, Inc.,* 805 P.2d 1193 (Colo.App.1991).

Therefore, we conclude that the trial court properly dismissed the complaint as untimely under C.R.C.P. 106(b). *See Buck v. Park,* 839 P.2d 498 (Colo.App.1992).

Judgment affirmed.

CRISWELL and BRIGGS, JJ., concur.