Richard BAKER, Plaintiff–Appellant,

v.

CITY OF DACONO, Colorado,
Defendant–Appellee.

No. 95CA1296.

Colorado Court of Appeals,
Div. IV.

Oct. 24, 1996.

George C. Price, Denver, for Plaintiff–Appellant.

Griffiths & Tanoue, P.C., Tami Tanoue, Scott A. Ross, Denver, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this C.R.C.P. 106(a)(4) action, plaintiff, Richard Baker, appeals from the district court judgment dismissing as untimely his complaint against defendant, the City of Dacono (City). We affirm.

The relevant facts are not in dispute. Plaintiff was discharged from his employment as the chief of police for the City in July 1992, and he appealed his discharge to the City's Grievance Board (Board). Following a hearing on September 14, 1992, the Board rendered its "final decision and order" upholding the discharge in a written ruling that was mailed to the parties. The record shows that the Board's "final decision and order" was signed and "entered" on September 28, 1992, and was mailed to plaintiff's counsel on September 29, 1992.

Plaintiff filed a complaint in the district court on October 29, 1992, seeking judicial review of the Board's final decision pursuant to C.R.C.P. 106(a)(4). October 29 was the thirtieth day after the order was mailed, but was thirty-one days after the order was rendered.

The district court ruled that the C.R.C.P. 106(a)(4) action was not timely because the complaint was filed "more than 30 days following the final action of the lower tribunal." Therefore, it dismissed the action with prejudice for lack of subject matter jurisdiction.

On appeal, plaintiff contends that the court erred in dismissing the action, arguing that the applicable thirty-day filing deadline began to run from the date of mailing of the Board's decision because that was the effective date of notification of the decision. Defendant contends that, to the contrary, the complaint was properly dismissed as untimely because the thirty-day time limit began to run when the decision became final, *i.e.*, the date it was signed and entered by the Board. We agree with defendant.

■ Under C.R.C.P. 106(b), a complaint seeking judicial review pursuant to C.R.C.P. 106(a)(4) is required to be filed in the district court "not later than thirty days after the final decision of the body or officer" being challenged. Moreover, because this thirty-day filing requirement is jurisdictional, a C.R.C.P. 106(a)(4) action not filed within the thirty-day limitations period must be dismissed for lack of subject matter jurisdiction. *See Danielson v. Zoning Board of Adjustment*, 807 P.2d 541 (Colo.1990); *Crawford v. State*, 895 P.2d 1156 (Colo.App.1995).

■ Thus, the dispositive issue is whether the limitations period under C.R.C.P. 106(b) runs from the date the action being challenged is final or from the date of the mailing of the decision to the parties. We conclude that the date the final decision is rendered is the determinative date for such purposes under these provisions.

A similar issue was addressed in *Cadnetix Corp. v. City of Boulder*, 807 P.2d 1253 (Colo.App.1991), in which a division of this court rejected the argument that the running of this limitations period commences on the date of receipt of notice of a final decision. Rather, the court held that the thirty-day filing period under C.R.C.P. 106(b) begins to run at the "point of administrative finality," which occurs on the date when "the action complained of is complete," leaving "nothing further for the agency to decide," regardless of whether the parties are absent at the time the final decision is rendered. *Cadnetix Corp. v. City of Boulder, supra*, 807 P.2d at 1254. *See also Crawford v. State, supra* (similarly holding that this thirty-day filing period begins to run on the date final deci-sion is rendered and not the date it is received).

We also note that, by its terms, nothing in the language of C.R.C.P. 106(b) provides for the running of this limitations period to begin from the date of mailing of notice of a final decision as opposed to the date the final decision is rendered. *Compare* C.R.C.P. 106(b) *with* § 24-4-105(16), C.R.S. (1996 Cum.Supp.) and §§ 24-4-106(4) & 24-4-106(11), C.R.S. (1988 Repl.Vol. 10A) (under express terms of statutory provisions of State Administrative Procedure Act (APA), filing periods for actions for judicial review governed by APA provisions do not commence at least until date of service of final agency actions).

Because, as pertinent here, the plain language of C.R.C.P. 106(b) is unambiguous, we must apply its provisions as written, and we therefore decline to read a requirement into the rule to the effect that this thirty-day filing period commences on the date of mailing of notice of a final decision rather than the date it is rendered. *See Talley v. Diesslin*, 908 P.2d 1173 (Colo.App.1995) (applying plain meaning of date when action is "filed" under C.R.C.P. 106(b)); *see also Sky Chefs v. City & County of Denver*, 653 P.2d 402 (Colo. 1982) (remanding for determination as to whether C.R.C.P. 106(a)(4) action was timely filed under provisions of C.R.C.P. 106(b) based on resolution of conflicting evidence concerning dispositive issue as to date final decision was actually rendered, notwithstanding later date of delivery of decision to party).

Contrary to plaintiff's argument, we also note that there is no indication in the record that anything in the City's local rules or in the Board's decision itself provided that the decision was not final until the date it was mailed, rather than on the date it was rendered. *Cf. Cadnetix Corp. v. City of Boulder, supra*. Further, although due process considerations arguably could arise, for example, in situations in which mailing of a final decision is not timely, here the record does not show, and plaintiff does not allege, that service of the Board's final decision was not timely made.

■ Thus, under these circumstances, when there has been timely mailing of notice of a final decision to a party, the thirty-day limitations period under C.R.C.P. 106(b) for filing actions for judicial review under C.R.C.P. 106(a)(4) begins to run on the date the final decision being challenged is rendered. *See Crawford v. State, supra; Cadnetix Corp. v. City of Boulder, supra; see also Sky Chefs v. City & County of Denver, supra.*

Consequently, the thirty-day filing period for seeking judicial review in this matter began to run when the Board's final decision was rendered on September 28, and not when it was mailed on September 29. Because plaintiff's complaint was not filed until October 29, the district court properly ruled that it was not timely filed, and this jurisdictional defect required the dismissal of this action. *See* C.R.C.P. 106(b); *Danielson v. Zoning Board of Adjustment, supra; Crawford v. State, supra.*

Accordingly, the judgment is affirmed.

BRIGGS and CASEBOLT, JJ., concur.