**3 BAR J HOMEOWNERS ASSOCIATION, INC.,**
Plaintiff–Appellant,

v.

**Frank C. McMURRY, Jim Thompson, Glen Everett, in their official capacity as The Board of County Commissioners of Chaffee County, and Thomas H. Hale, County Administrator, Defendants–Appellees.**

No. 97CA1453.

Colorado Court of Appeals,
Div. V.

Sept. 17, 1998.

---

Parcel Mauro Hultin & Spaanstra, P.C., Peggy E. Montano, Anthony L. Martinez, Salida, Colorado, for Plaintiff–Appellant.

Kenneth A. Baker, County Attorney, Salida, Colorado, for Defendants–Appellees.

Opinion by Judge ROTHENBERG.

In this C.R.C.P. 106(a)(4) action, plaintiff, 3 Bar J Homeowners Association, Inc., appeals from the district court judgment dismissing as untimely its complaint challenging certain actions of defendants, Frank C. McMurry, Jim Thompson, and Glen Everett, in their official capacity as the Chaffee County Board of County Commissioners (collectively the Board), and Thomas H. Hale, as County Administrator. We affirm.

⸱ In its complaint, plaintiff sought judicial review pursuant to C.R.C.P. 106(a)(4) of the county's approval of the final plats of two proposed subdivisions. It is undisputed that, at a public meeting on March 4, 1997, the Board voted to approve the subdivisions at issue subject to certain conditions. The final plats of these subdivisions were signed by the developers and a county commissioner on behalf of the Board at a later date and were recorded on April 28 and April 29, 1997, respectively.

On May 28, 1997, plaintiff filed its complaint challenging these actions in the district court. Defendants moved to dismiss, asserting that plaintiff's action was untimely filed. The district court agreed and dismissed the action with prejudice for lack of subject matter jurisdiction.

■ Under C.R.C.P. 106(b), a complaint seeking judicial review pursuant to C.R.C.P. 106(a)(4) is required to be filed in the district court no later than thirty days after the · "final decision" of the tribunal being challenged is rendered. This thirty-day limitations period is jurisdictional, and begins to run at the "point of administrative finality," *Cadnetix Corp. v. Boulder,* 807 P.2d 1253, 1254 (Colo.App.1991), which occurs when "the action complained of is complete," leaving "nothing further for the agency to decide." *Baker v. Dacono,* 928 P.2d 826, 827 (Colo.App.1996).

The sole issue here is when the "point of administrative finality" occurred for purposes of judicial review under C.R.C.P. 106(a)(4). Defendants contend that the final decision took place on March 4, 1997, when the Board voted to grant conditional approval of the two subdivisions, and that the complaint was untimely because it was filed more than thirty days after March 4. Plaintiff contends that the final decisions occurred on April 28 and April 29, 1997, when the final plats of these subdivisions were signed by a county commissioner on behalf of the Board and recorded and, therefore, that its complaint was timely filed.

■ We agree with defendants and conclude that, for purposes of judicial review actions pursuant to C.R.C.P. 106(a)(4), a county's final decision in the subdivision approval process takes place when the Board of County Commissioners votes at a public meeting to approve the subdivisions at issue, even though such approval may be subject to certain conditions. *See* §§ 30–28–110(3), 30–28–110(4), 30–28–133(5), 30–28–133.5, & 30–28–137(1), C.R.S.1998 (statutory provisions concerning final subdivision approval process); *Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975) (where rezoning ordinance was challenged, time begins to run under C.R.C.P. 106(b) when the passage of the ordinance was complete, not when the plat was approved; final action may be conditional). *See also Board of County Commissioners v. Bainbridge, Inc.,* 929 P.2d 691

(Colo.1996) (discussing subdivision approval process).

Under Chaffee County's subdivision regulations, a final plat may not be offered or accepted for recording "until approved in writing" by the county. A final plat is then required to be filed for recording "immediately following the signing" of its approval by the county. *See also* § 30–28–110(3).

Here, the plats were not signed by county officials on March 4, but were dated and signed by the developers on March 21. They were signed by a county official at some later time as evidenced by the fact that, at the time of the signing, the county official obviously backdated the approval of the plats to March 4, the date of the Board's earlier vote.

We are persuaded that certainty is required in the application of C.R.C.P. 106(b) and that the date of the public vote by the Board triggered the thirty-day time limit. Plaintiff's construction of the rule would lead to uncertainty because it would place objectors in the precarious position of not knowing exactly when finality had occurred for purposes of judicial review. Further, if approval of a subdivision could be challenged 30 days after all conditions were fulfilled, developers would be required to expend substantial sums to comply with a county's conditions before learning whether the subdivision approval would be set aside on judicial review.

Nor does *Luck v. Board of County Commissioners*, 789 P.2d 475 (Colo.App.1990) require a different result, as plaintiff contends. There, on January 14, 1988, the Board of County Commissioners of Clear Creek County orally granted landowners a "conditional approval" of a rezoning application and authorized completion of an Official Development Plan (ODP), which was to contain certain specified conditions.

On February 29, 1988, the Clear Creek County Board then held another public meeting and, with the adoption of certain amendments to the ODP as drafted, it voted for final approval and execution of the ODP. The final ODP was executed by the Board the same day.

Plaintiff Luck filed his C.R.C.P. 106 complaint challenging the rezoning within thirty days of February 29, but not within thirty days of January 14. The district court dismissed the plaintiff's action as untimely. However, on appeal, a division of this court reversed and held that Luck's action was timely because:

> [T]he Board's unwritten action on January 14th constituted only preliminary or tentative approval of the rezoning application, and that, as a matter of law, no *final* approval of the *rezoning* itself occurred until February 29th.

*Luck v. Board of County Commissioners, supra*, 789 P.2d at 477 (original emphasis).

There is no suggestion in *Luck* that the specified conditions required by the Clear Creek County Board on January 14 had actually been fulfilled by February 29, only that there had been "the adoption of certain amendments to the ODP as drafted." *Luck v. Board of County Commissioners, supra*, 789 P.2d at 476. Thus, we do not read *Luck* as holding that when a county grants conditional approval of a subdivision, all conditions set by that county must be fulfilled in order to trigger the thirty-day time limit of C.R.C.P. 106(b).

Further, and in contrast to *Luck*, Chaffee County's approval of the subdivisions here, subject to certain conditions, which occurred at the public meeting on March 4, 1997, was neither preliminary nor tentative. No future meetings were contemplated.

We therefore conclude that the point of administrative finality of Chaffee County's approval of these subdivisions for purposes of C.R.C.P. 106(a)(4) occurred on March 4, 1997, when the Board of County Commissioners publicly voted to approve the subdivisions at issue subject to certain conditions. Because plaintiff's C.R.C.P. 106(a)(4) action was not filed within thirty days of that date, it was untimely and the district court did not err in dismissing it.

Judgment affirmed.

VOGT, J., concurs.

TAUBMAN, J., dissents.

Judge TAUBMAN dissenting.

Because I believe that the district court erred in dismissing as untimely the complaint brought by plaintiff, 3 Bar J Homeowners Association, Inc. (Homeowners), I respectfully dissent.

Homeowners brought this proceeding pursuant to C.R.C.P. 106(a)(4) to obtain a determination that the approval of two subdivisions in Chaffee County, Colorado, was arbitrary and capricious and in excess of the jurisdiction of defendants, Frank C. McMurry, Jim Thompson, and Glen Everett, in their official capacity as the Chaffee County Board of County Commissioners (collectively the County).

I disagree with the majority's holding that the point of administrative finality of the County's approval of these subdivisions for purposes of C.R.C.P. 106(a)(4) occurred on March 4, 1997, when the Board of County Commissioners publicly voted to approve conditionally the subdivisions. I also disagree with the Homeowners' contention on appeal that final agency action occurred here on April 28 and April 29, 1997, when the County finally approved the subdivision plats in question. Rather, I agree with an assertion made by the Homeowners before the district court that, following the County's conditional approval of the subdivisions, the County was required to give final approval to the subdivisions after determining that the conditions it had established had been fulfilled. Accordingly, for the reasons indicated below, I would reverse and remand for further proceedings in the district court.

As the majority correctly notes, under C.R.C.P. 106(b), a complaint seeking judicial review pursuant to C.R.C.P. 106(a)(4) is required to be filed in the district court no later than thirty days after the "final decision" of the tribunal being challenged is rendered. This thirty-day period is jurisdictional and begins to run at the "point of administrative finality," which occurs when the action complained of is complete, leaving "nothing further for the agency to decide." *Baker v. Dacono*, 928 P.2d 826, 827 (Colo.App.1996).

Section 30–28–110(3)(a), C.R.S.1998, provides in pertinent part:

All plans of streets or highways for public use, and all plans, plats, plots, and replots of land laid out in subdivision or building lots and the streets, highways, alleys, or other portions of the same intended to be dedicated to a public use or the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall be submitted to the Board of County Commissioners for review and subsequent *approval, conditional approval, or disapproval.* (emphasis added)

Thus, the majority holds that the action of the County giving "conditional approval" to a subdivision constitutes final agency action for purposes of judicial review. I disagree.

Under the majority's rationale, both final and conditional approvals by a county constitute final agency action. This view is at odds with the very nature of a conditional approval, which contemplates further action by a board of county commissioners to determine whether those conditions have in fact been satisfied. *See generally Black's Law Dictionary* 293–94 (6th ed.1990) ("conditional" means "that which is dependent upon or granted subject to a condition." Among numerous definitions of "condition" is: "A qualification or restriction annexed to a conveyance of lands, whereby it is provided that in case a particular event does or does not happen, or in case the grantor or grantee does or omits to do a particular act, an estate shall commence, be enlarged or be defeated.").

By requiring judicial review of "conditional approvals" of subdivisions, the majority requires affected parties to commence litigation, even though the conditions may not be satisfied and the subdivision ultimately would not receive final approval for that reason. Thus, in my view, the majority's holding does not serve the cause of judicial economy.

A review of the pertinent facts here, insofar as they are contained in the limited record, reinforces these conclusions. As the majority notes, it is undisputed that the County Commissioners voted to approve the subdivisions at issue, subject to certain conditions, at a public meeting on March 4, 1997. Although the record does not contain any written resolution or minutes of the County

indicating the conditional approval of the subdivisions, it is apparently undisputed that the following five conditions were established as a prerequisite to final approval of the plats by the County:

(1) An easement across contiguous properties owned by the Bureau of Land Management and private properties was to be obtained;

(2) A road maintenance agreement was to be negotiated among several homeowners associations;

(3) An emergency access road was to be located so that it would be at least 30 feet wide and have a grade of no more than 7%;

(4) A contract for common improvements with adequate sureties acceptable to the County was to be negotiated; and

(5) A 16–foot easement between Rio Vista and Elephant Butte was to be established and recorded on the plat.

The Homeowners contend that, because the final plats of the two subdivisions were signed by one of the county commissioners and the developers at a later date, and were recorded on April 28 and April 29, 1997, the County had apparently determined sometime between March 4 and April 28 that the conditions had been satisfied. However, the record does not contain any evidence that the county commissioners ever actually determined that the conditions established on March 4, 1997, had been fulfilled.

Although there are no reported cases addressing the issue of administrative finality in the context of approvals of subdivisions, analogous case law supports my conclusion that a county's conditional approval of a subdivision is not final agency action.

In *Luck v. Board of County Commissioners*, 789 P.2d 475 (Colo.App.1990), a division of this court held that a conditional approval of a rezoning application by a board of county commissioners did not constitute final agency action for purposes of C.R.C.P. 106(a)(4). Rather, the court held that the date of final agency action was the date of "final approval" and execution of an amended official development plan by the board of county commissioners. In reaching its con-

clusion, the *Luck* court properly distinguished *Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975), relied on by the majority and the district court here. As the *Luck* court correctly noted: "[A]lthough *Snyder* indicates that final action in rezoning cases may be conditional, only *final* action on the rezoning application triggers the thirty-day filing deadline under C.R.C.P. 106(b)." *Luck v. Board of County Commissioners, supra*, 789 P.2d at 477 (emphasis in original).

Similarly in *Applebaugh v. Board of County Commissioners*, 837 P.2d 304 (Colo.App. 1992), a division of this court determined that the action of a board of county commissioners in conditionally approving a rezoning application for a subdivision required further agency action before the county board's action could be considered final.

Further, in *Save Park County v. Board of County Commissioners*, —— P.2d —— (Colo. App. No. 97CA0505, March 5, 1998)(1998 WL 99177), the court addressed a situation similar to that presented here. There, the plaintiffs sought judicial review under C.R.C.P. 106(a)(4) of a conditional approval of a subdivision plat, before final approval of the subdivision plat by the county had occurred. Although the court did not determine whether the time for filing an appeal should run from the date of final approval of the subdivision plat by the county, it concluded that the action had been filed timely on the assumption that the complaint was filed prematurely.

These cases, taken together, are suggestive of the principle that conditional approval of a subdivision plat does not constitute final agency action for purposes of C.R.C.P. 106(a)(4). Rather, I conclude that, just as the county commissioners held a second hearing in *Save Park County v. Board of County Commissioners, supra*, the County here was required to hold a second hearing to determine whether the conditions imposed on its approval of the subdivisions had been fulfilled.

Because the record does not indicate when and if such county consideration occurred, I would remand for further proceedings before the trial court. *See Board of County Commissioners v. Salardino*, 136 Colo. 421, 318

P.2d 596 (1957) (in C.R.C.P. 106 action, remand for further proceedings necessary where record devoid of any information regarding what actually took place before board, and therefore, neither trial court nor reviewing court able to determine whether action was arbitrary and capricious).

Finally, as noted above, I disagree with the Homeowners' contention that final agency action occurs when the final subdivision plat is signed by the by the appropriate county official and is recorded. The signing and recording of the final subdivision plats are ministerial acts, and the dates on which they occur may not be readily known to homeowners or others who wish to challenge an approval of a subdivision by a board of county commissioners. In contrast, when a board of county commissioners holds a public meeting and gives final approval indicating that the conditions which led to an earlier conditional approval have been fulfilled, the public will be on notice of such action. Thus, there would be certainty in the application of C.R.C.P. 106(b), a goal sought by the majority.

Under my analysis, there would be no need for plaintiffs to bring judicial review actions to challenge conditional approvals of subdivisions when there is uncertainty as to whether conditions imposed by a county will in fact be fulfilled. Thus, considerations of both administrative finality and judicial economy dictate the analysis I favor.