**Elizabeth A. WILSON and Richard L. Wilson, Plaintiffs–Appellants,**

v.

**BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY, Colorado, Defendant–Appellee.**

No. 98CA0401.

Colorado Court of Appeals, Div. II.

July 22, 1999.

Rehearing Denied Aug. 26, 1999.

Certiorari Denied Jan. 24, 2000.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1998.

Richard L. Wilson, Pro Se.

Bruce T. Barker, Weld County Attorney, Greeley, Colorado, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this C.R.C.P. 106(a)(4) action, plaintiffs, Richard L. and Elizabeth A. Wilson, appeal from a judgment dismissing their complaint against defendant, Board of County Commissioners of Weld County (Board), as untimely filed. We reverse and remand to the trial court for further proceedings.

Plaintiffs applied to the Board for an accessory dwelling permit. Following a public hearing on April 30, 1997, which the plaintiffs attended, the Board orally adopted a resolution denying the application. According to an affidavit of the deputy clerk of the Board, an initial version of the Board's signed resolution was mailed to the plaintiffs during the week of May 5th, 1997. Plaintiffs acknowledge having received that draft on either May 10 or May 12, 1997.

After an error was found in the original resolution, a revised resolution was signed by members of the Board on May 15, 1997, and mailed to the plaintiffs on May 16, 1997. Both documents recited that the Board had adopted the resolution on April 30, 1997, the date of the public hearing. Plaintiffs filed their complaint with the trial court on June 16, 1997. *See* C.R.C.P. 6.

The trial court dismissed the complaint pursuant to C.R.C.P. 106(b) because it had not been filed within 30 days of the Board's final decision, which the court determined to have been the adoption of the oral resolution denying plaintiff's application on April 30, 1997, at the public hearing.

## I.

First, we reject plaintiffs' contention that they had alleged violations under 42 U.S.C. § 1983 (1994 & Supp.1996) and that the 30–day time limitation under C.R.C.P. 106(a)(4) is thus inapplicable to such claims. The complaint is entitled "Complaint Pursuant to Rule 106 C.R.C.P." and contains a single claim seeking judicial review of the

Elizabeth A. Wilson, Pro Se.

Board's decision. No relief was sought under 42 U.S.C. § 1983.

## II.

■ Plaintiffs contend that the trial court erred in holding that the 30–day period for filing the action began to run on April 30, 1997. Specifically, plaintiffs argue that such period should be measured from the date the Board members signed the final revised resolution. We agree.

Pursuant to C.R.C.P. 106(b), a complaint seeking judicial review under C.R.C.P. 106(a)(4) must be filed in the district court "no later than thirty days after the final decision of the body or officer." Hence, when a tribunal announces its decision in a quasi-judicial proceeding, a party seeking judicial review under C.R.C.P. 106(a)(4) must file the complaint within 30 days after the ruling is announced. *Save Park County v. Board of County Commissioners,* 969 P.2d 711 (Colo.App.1998).

In *3 Bar J Homeowners Ass'n v. McMurry,* 967 P.2d 633, 634 (Colo.App.1998), a division of this court held that the 30–day time period under C.R.C.P. 106(b) begins to run at the point of "administrative finality," which occurs when the "action complained of is complete, leaving nothing further for the agency to decide." The division held there that the date of the public vote by the Board of County Commissioners, and not the date final plats were approved and recorded, was the point of administrative finality that triggered the 30–day time limitation.

Here, the Board adopted its resolution denying plaintiffs' requested permit at a public hearing, and plaintiffs acknowledge that fact in their complaint. However, unlike in *3 Bar J, supra,* the Board then issued a written resolution that detailed its findings and conclusions. The Board's actions in entering this written resolution and later revising it demonstrate that at the time of the Board's vote at the hearing its action was not complete, "leaving nothing further" for it to decide.

■ In addition, we are not persuaded by the Board's alternative argument that the revised resolution was merely clerical and

that the 30–day time period should have commenced on the date the initial resolution was entered. Regardless of the nature of the revision, when a written resolution is revised, it is the date of adoption of the revised version that constitutes the point of administrative finality for purposes of C.R.C.P. 106(b).

Under the circumstances here, the "point of administrative finality" was May 15, 1997, the date the revised resolution was signed. Thus, the 30–day period under C.R.C.P. 106(b) did not begin to run until that date, and plaintiffs' complaint was thus timely filed on Monday, June 16, 1997.

Accordingly, the court erred by dismissing plaintiffs' complaint.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Judge CRISWELL and Judge PLANK concur.