25CA0722 Pierce v CDOC 06-25-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0722
Fremont County District Court No. 24CV27
Honorable Kaitlin B. Turner, Judge

---

Ronald Pierce,

Plaintiff-Appellant,

v.

Executive Director of the Colorado Department of Corrections and Warden of Centennial Correctional Facility,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE WELLING
Schock and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 25, 2026

---

Ronald Pierce, Pro Se

Philip J. Weiser, Attorney General, Rebekah Ryan, Senior Assistant Attorney General, Denver, Colorado, for Defendants-Appellees

¶ 1     Plaintiff, Ronald Pierce, appeals the district court's order dismissing his complaint against defendants, the Executive Director of the Colorado Department of Corrections (CDOC) and the Warden of the Centennial Correctional Facility (CCF), for lack of subject matter jurisdiction.  We affirm.

## I.     Background

¶ 2     Pierce is an inmate in the custody of the CDOC.  He is currently housed at the Bent County Correctional Facility (BCCF) but was previously housed at the CCF.  After an incident on April 5, 2024, Pierce was charged with a Code of Penal Discipline infraction for theft.  In response, on May 15, 2024, the CDOC took final action on the infraction by reclassifying him to a different facility, the BCCF.

¶ 3     In order to exhaust his administrative remedies, Pierce filed a grievance against the CDOC challenging the reclassification decision.  On October 4, 2024, the CDOC provided Pierce a written denial of his step-three grievance, stating that Pierce had "failed to follow the grievance procedure in this matter" and explaining that the denial was "the final administrative action in this matter."

¶ 4    Sometime on or after November 6, 2024,[1] Pierce filed a complaint in the district court under C.R.C.P. 106(a)(4) and 106.5 seeking review of the CDOC's decision to reclassify him. Defendants filed a motion to dismiss Pierce's complaint for lack of subject matter jurisdiction, contending that Pierce filed his complaint outside the applicable twenty-eight-day deadline for C.R.C.P. 106(a)(4) and 106.5 complaints. Pierce responded, arguing that the deadline was tolled while he exhausted his administrative remedies. The district court granted defendants' motion and dismissed Pierce's complaint for lack of subject matter jurisdiction, rejecting Pierce's argument and finding that his complaint was untimely because the final administrative action occurred on May 15, 2024, and Pierce didn't file his complaint until November 22, 2024.

---

[1] As explained below, the record reflects that Pierce filed his C.R.C.P. 106 complaint on November 22, 2024. But Pierce contends in his opening brief that he filed his complaint on November 6, 2024. Because, even accepting Pierce's contention as true, his challenge on appeal fails, we don't resolve this dispute.

## II.     Legal Standards

¶ 5     We review a district court's legal conclusions de novo, including its determination of whether it has subject matter jurisdiction.  *Teran v. Reg'l Transp. Dist.*, 2020 COA 151, ¶ 10.

¶ 6     C.R.C.P. 106(a)(4) permits a party to bring a complaint in a district court where "any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law." C.R.C.P. 106.5 provides additional procedures for any action brought by an inmate "to review a decision resulting from a quasi-judicial hearing of any [CDOC] facility."

¶ 7     Under both rules, unless otherwise provided by statute, a complaint seeking relief "*shall be* filed in the district court not later than [twenty-eight] days after the final decision of the body or officer."  C.R.C.P. 106(b) (emphasis added); *see* C.R.C.P. 106.5(a) (providing that the deadlines set forth in C.R.C.P. 106(b) apply to complaints filed pursuant to C.R.C.P. 106.5).  The deadline "establishes a limitation period that is jurisdictional and that must be strictly enforced."  *Brown v. Walker Com., Inc.*, 2022 CO 57, ¶ 3.

So a complaint filed after the deadline expires "must be dismissed for lack of subject matter jurisdiction." *Maslak v. Town of Vail*, 2015 COA 2, ¶ 17; *see also Danielson v. Zoning Bd. of Adjustment*, 807 P.2d 541, 543-44 (Colo. 1990) (directing the district court to dismiss a C.R.C.P. 106(a)(4) complaint filed one day too late).

## III. Analysis

¶ 8 Pierce spends much of his briefing arguing that he had to exhaust his administrative remedies after the final agency action before he could file his complaint under C.R.C.P. 106(a)(4) and 106.5. Because of this, he contends that the twenty-eight-day filing deadline didn't begin on May 15, 2024 — the final decision of the CDOC — but instead began when he exhausted his administrative remedies. Defendants respond that "inmates are only required to administratively exhaust remedies that are available to them" and "[t]he grievance process is not an available remedy." We decline to address this disagreement because even assuming that Pierce is correct and his twenty-eight-day clock started when he exhausted his administrative remedies, his complaint was still untimely.

¶ 9 At the latest, Pierce exhausted his administrative remedies on October 4, 2024, when the CDOC denied his step-three grievance.

4

The October 4, 2024, denial stated that it was "the final administrative action in this matter." *See* C.R.C.P. 106(b) (establishing that a complaint shall be filed no later than twenty-eight days "after the *final decision of the body or officer*" (emphasis added)). So even if we accept October 4, 2024, as the date that started the twenty-eight-day clock, Pierce then had until November 1, 2024, to file his complaint in the district court.[2]

¶ 10    Pierce, however, filed his complaint after this November 1, 2024, deadline. Specifically, the record reflects that Pierce filed his complaint in the district court on November 22, 2024. In his briefing to this court, Pierce contends that he filed his complaint on November 6, 2024. But, again, even if Pierce is correct, November 6 is still after the November 1 deadline. Thus, regardless of whether Pierce filed his complaint on November 24 or November 6, he filed it

---

[2] In his opening brief, Pierce contends for the first time that he didn't receive the October 4 denial until October 10, 2024, and that the latter date triggered his deadline to file his complaint. He, however, didn't make this argument to the district court, so we won't consider it on appeal. *See BNC Metro. Dist. No. 1 v. BNC Metro. Dist. No. 3*, 2025 COA 52, ¶ 23 n.3 (declining to consider an argument raised for the first time on appeal); *see also Crawford v. State, Dep't of Corr.*, 895 P.2d 1156, 1158 (Colo. App. 1995) (determinative date for review under C.R.C.P. 106 is the date the final decision is rendered, not the date such decision is received).

after the twenty-eight-day deadline had expired. And because this deadline is a "strict jurisdictional limitation," the district court properly dismissed Pierce's complaint for lack of subject matter jurisdiction. *Brown,* ¶ 46; *see Maslak,* ¶ 17.

## IV. Disposition

¶ 11 The judgment is affirmed.

JUDGE SCHOCK and JUDGE LUM concur.