Susan DAVILA, Plaintiff–Appellant
and Cross–Appellee,

v.

MERIT SYSTEM COUNCIL of the State
of Colorado, Defendant–Appellee,

Jefferson County Department of Social
Services, Defendant–Appellee and
Cross–Appellant.

No. 99CA2149.

Colorado Court of Appeals,
Div. A.

March 2, 2000.

Rehearing Denied June 29, 2000.

Certiorari Denied Dec. 18, 2000.

Lipstein & Mortimer, P.C., Evan S. Lipstein, Michael B. Levy, Lakewood, Colorado, for Plaintiff–Appellant and Cross–Appellee

Ken Salazar, Attorney General, Marne Jo Klein, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee

Frank J. Hutfless, County Attorney, Patricia W. Gilbert, Assistant County Attorney, Golden, Colorado, for Defendant–Appellee and Cross–Appellant

Opinion by Judge ROTHENBERG.

Plaintiff, Susan Davila, filed this appeal challenging the district court's order which upheld a decision of the Merit System Council of the State of Colorado (Council) in favor of Davila's former employer, the Jefferson County Department of Social Services (County). The County cross-appealed, and Davila moved to dismiss, contending the County had failed to preserve its assertion of error by first raising it in the district court. We agree and dismiss the County's cross-appeal with prejudice.

I.

Davila was employed by the County as a caseworker in the family resources division. In 1995, she was diagnosed with an illness and was unable to work full-time for an extended period of time. By October 1997, her accumulated leave time was exhausted, and the County gave her two months leave without pay. At the end of the two months, the County offered her a different position, but Davila considered the new position more stressful and refused it. The County treated her action as a resignation.

Davila then filed an action against the County under the State Administrative Procedure Act, § 24–4–101, et seq., C.R.S.1999, alleging that she was terminated in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. (1999). After a hearing, an administrative law judge (ALJ) determined that the County had not violated the ADA by treating Davila's action as a resignation, and denied her request for reinstatement. However, the ALJ concluded that the County had violated the ADA by failing to create a part-time position for her, and awarded her back pay for two months leave without pay.

The Council adopted the ALJ's decision pursuant to § 26–1–106, C.R.S.1999, and Davila appealed to the district court. The County did not cross-appeal.

After the district court affirmed the ALJ's decision, Davila initiated this appeal and the County then filed a cross-appeal in this court. Davila responded by filing a motion to dismiss the cross-appeal.

At this time, we consider only Davila's motion to dismiss the County's cross-appeal. We do not address the merits of Davila's appeal because the issues raised by her in her appeal have not yet been briefed by the parties.

## II.

The County contends it was not required to appeal the Council's decision in the district court, and that it preserved the issue for appeal by asserting, in its brief to the district court, that the Council's decision was erroneous. We disagree.

Judicial review of agency action is governed by § 24–4–106, C.R.S.1999. Subsection 3 provides that an action may be commenced by any person aggrieved or adversely affected by agency action. The plain language of § 24–4–106 thus requires that an aggrieved party commence an action for review. The County concedes it did not appeal to the district court.

We therefore hold that the County's failure to appeal to the district court precludes it from now obtaining review of the Council's decision in this court. *See Trujillo v. Farmers Insurance Exchange,* 862 P.2d 962 (Colo.App.1993)(making an argument without affirmatively pleading a defense waived the defense). *See Estate of Stevenson v. Hollywood Bar and Cafe, Inc.,* 832 P.2d 718 (Colo. 1992); *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508(Colo.1986).

The County's cross-appeal is dismissed with prejudice.

Judge PLANK and Judge RULAND, concur.