**CASTLE ROCK CONSTRUCTION COMPANY and Capitol Indemnity Corporation, Plaintiffs–Appellants,**

v.

**DEPARTMENT OF TRANSPORTATION, State of Colorado, Defendant–Appellee.**

**No. 02CA0931.**

Colorado Court of Appeals, Div. I.

May 22, 2003.

Godin & Baity, LLC, Jerome M. Joseph, Stephen P. Gilmartin, Denver, Colorado, for Plaintiffs–Appellants.

Ken Salazar, Attorney General, Tracy Leigh Kinsella, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge VOGT.

In this breach of contract action, plaintiffs, Castle Rock Construction Company and Capitol Indemnity Corporation, appeal the trial court's judgment dismissing their complaint against defendant, Department of Transportation, State of Colorado (CDOT), on the

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

basis that the complaint was not filed within thirty days of a letter purporting to constitute CDOT's final agency action. We reverse and remand with directions.

Castle Rock entered into a contract with CDOT to widen and repave a portion of a state highway in Durango, Colorado. The parties agreed to modify the standard contract terms to provide for nonbinding arbitration in the event of a dispute. The modified contract section provided that the arbitrators were to make a recommendation to CDOT's Chief Engineer, and concluded as follows:

> Upon receipt of the recommendation of the arbitration, the Chief Engineer will render a final decision within 60 days pursuant to subsection 105.17(g).

> The decision of the Chief Engineer, or the Chief Engineer's designee, *shall constitute the final offer* by the Department. The conclusions and recommendations of the arbitration panel and the Chief Engineer *shall not be admissible in any court of law. Any offer made by the Contractor or the Department at any stage of the claims process as set forth in this subsection shall be deemed an offer of settlement* pursuant to Colorado Rule of Civil Procedure [sic] 408, *and therefore inadmissible in any litigation.*

(Emphasis supplied.)

With the exception of the reference to "within 60 days," the first sentence of this paragraph is the same as the analogous provision in CDOT's standard contract. The remaining sentences are not part of the standard contract.

Upon completion of the project, Castle Rock filed a claim with CDOT seeking additional compensation based on CDOT's asserted failure to disclose underground utilities and site conditions that increased the time and cost of Castle Rock's performance. The parties engaged in arbitration pursuant to the contract, and the arbitrators recommended that CDOT pay Castle Rock $572,003 plus interest.

Two months after receiving the arbitrators' recommendation, CDOT's Chief Engineer sent Castle Rock a letter advising it that he had reviewed the arbitrator's recommendation and had engaged an accounting firm to review CDOT's claim. The accountant had determined the amount owing, inclusive of interest, to be $188,322. The Chief Engineer's letter continued: "I concur with this finding. Therefore, the amount of $188,322 represents the final agency action in accordance with subsection 105.17(i), subsection 105.17(h) of the CDOT's Specifications and with C.R.S. 24–4–105 and 24–4–106." CDOT then sent $188,322 to Castle Rock's bank account and later paid it an additional $8,168 in interest.

Some five months after receiving the Chief Engineer's letter, Castle Rock and Capitol Indemnity, the surety for one of Castle Rock's subcontractors, filed this action, asserting claims for breach of contract, unjust enrichment, equitable adjustment, breach of implied warranty of adequate design, and breach of implied duty to provide site access.

CDOT filed a motion to dismiss pursuant to C.R.C.P. 12(b)(1). It asserted that Castle Rock's exclusive remedy was an action for judicial review of CDOT's final agency action, that the chief engineer's letter constituted such final agency action, and that Castle Rock's failure to seek such review within thirty days, as required under § 24–4–106(4), C.R.S.2002, deprived the court of subject matter jurisdiction. The trial court agreed and granted the motion to dismiss.

■ Plaintiffs contend on appeal that CDOT could not avoid the provisions of its contract by characterizing the Chief Engineer's letter as final agency action and then relying on it in support of a motion to dismiss for failure to file a timely complaint for judicial review. We agree.

■ Like private parties, state departments and other governmental entities are bound by the terms of the contracts into which they enter. *See Adams County Community Center for Retarded & Seriously Handicapped, Inc. v. State,* 197 Colo. 448, 594 P.2d 1046 (1979); *CAMAS Colorado, Inc. v. Board of County Commissioners,* 36 P.3d 135 (Colo.App.2001). This principle applies to contract provisions addressing the resolution of disputes. *See City & County of Den-*

ver v. District Court, 939 P.2d 1353 (Colo. 1997); Kiewit Western Co. v. City & County of Denver, 902 P.2d 421 (Colo.App.1994).

The modified contract provision to which the parties agreed in this case expressly states that "[t]he decision of the Chief Engineer ... shall constitute the final offer by [CDOT]." "Offer" is not an ambiguous term, and it contemplates a response by the offeree. See Restatement (Second) of Contracts § 24 (1979)("An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.").

Although the previous sentence, which is part of CDOT's standard contract, refers to the Chief Engineer's "final decision," any ambiguity arising out of the use of that phrase must be construed against CDOT because it drafted the modified contract. See Allstate Insurance Co. v. Avis Rent–A–Car System, Inc., 947 P.2d 341 (Colo.1997).

CDOT relies on cases upholding the thirty-day requirement for seeking judicial review of administrative action, including one case involving a contract claim. See Davila v. Merit System Council, 15 P.3d 781 (Colo. App.2000); Baker v. City of Dacono, 928 P.2d 826 (Colo.App.1996); Crawford v. State, 895 P.2d 1156 (Colo.App.1995); Buzick v. Public Employees' Retirement Ass'n, 849 P.2d 869 (Colo.App.1992)(employees' complaint was time barred even assuming it sounded in contract). In each of those cases, however, an administrative hearing had been held, and the final agency action at issue arose out of that hearing. Here, by contrast, there was no agency hearing, but simply a proceeding before a panel of arbitrators. Moreover, in none of those cases is there any indication that the parties had entered into a contract that included the provisions at issue here.

 Finally, even if the contract could be read as permitting the Chief Engineer to characterize his letter as "final agency action," the letter still would not trigger the running of the thirty-day period for judicial review.

The contract provision set forth above precluded CDOT from using the letter as a basis for seeking dismissal of Castle Rock's contract action. Although, as CDOT points out, CRE 408 does not make offers of settlement inadmissible for all purposes, the parties' contract goes further than the rule and provides that the Chief Engineer's conclusions "shall not be admissible in any court of law" and shall be "inadmissible in any litigation." The contract does not provide for any exception to these broad statements.

Consistent with these requirements, plaintiffs did not reference the Chief Engineer's letter in their complaint or submit it as an attachment. CDOT was similarly precluded from relying on it in support of its motion to dismiss.

In sum, plaintiffs were not required to file an action for judicial review within thirty days of receipt of the Chief Engineer's letter in order to preserve their right to seek relief for CDOT's alleged breach of contract. The trial court accordingly erred in granting CDOT's motion to dismiss.

In light of our resolution of this issue, we do not address plaintiffs' additional contentions.

The judgment is reversed, and the case is remanded with directions to reinstate plaintiffs' complaint.

Judge GRAHAM and Judge CRISWELL *, concur.